Schnerr *v.* Lemp.

---

SCHNERR, Appellant, *vs.* LEMP, Respondent.

1. A servant employed by the year, at fixed wages, cannot recover any thing for his services, if he quits without cause before the expiration of the year.

*Appeal from St. Louis Law Commissioner's Court.*

C. *Harding*, for appellant. The appellant contends that the law in regard to entire contracts, of which there has been a

partial or imperfect performance only, is, that the plaintiff, whose performance was the condition precedent to the performance of the defendant, cannot recover upon the contract itself, unless performance was prevented by the act of the defendant; but that, if the defendant has received and enjoyed any benefit from the plaintiff's partial or imperfect performance, he is liable to the plaintiff for the reasonable worth of the services performed, materials furnished, or goods sold and delivered; the defendant being permitted, if he choose so to do, to *recoup* such damages as he may have sustained by reason of any breach of the contract on the part of the plaintiff. *Britton* v. *Turner*, 4 N. H. 481. 4 McCord, 246, 249. Sedgw. on Dam. (2d ed.) 114. Notes to *Cutter* v. *Powell*, 2 Smith's L. C. 10 et seq. The old rule was different; but the hardship and injustice occasioned by its enforcement have led courts to evade its operation as far as possible. 9 Barn. & Cress. 386. 7 Pick. 181. 14 Mass. 282. 14 Mo. Rep. 378. 11 Vermont, 557. 20 ib. 630. 9 Mo. Rep. 857. 8 Bing. 14. 18 Wend. 187. 5 Denio, 406. *Helm* v. *Wilson*, 4 Mo. Rep.

*S. A. Holmes*, for respondent. The existence of a yearly hiring having been found by the jury, and the non-performance being admitted, the plaintiff could not recover. 3 Mo. 230. Ib. 233. 4 Mo. Rep. 41. *Posey* v. *Garth*, 7 Mo. Rep. 94. *Littel* v. *Mercer*, 218. 10 Mo. Rep. 609. Add. on Con. 739. Chitty on Con. 579, and cases cited. 12 J. R. 165. 19 ib. 338. Supposing the doctrine of the case of *Britton* v. *Turner*, 6 N. H. 481, to be the law of this case, yet the plaintiff had no cause of action until the expiration of the year. 9 N. H. Rep. 249.

GAMBLE, Judge, delivered the opinion of the court.

1. In the case of *Dickson* v. *Caldwell*, decided at the last term, it was held, that where a master hired his slave to another for a year, at a specified price, and without cause took

him away before the expiration of the time, he could not recover the money which was agreed to be paid at the end of the year for the services. This decision was made under the authority of *Posey* v. *Garth,* 7 Mo. Rep. 96. The law thus declared is decisive of the present case. Schnerr engaged to serve Lemp by the year for fixed wages, and before the expiration of the year, without cause or excuse, abandoned the service and refused to perform his contract. He cannot recover.

The judgment is, with the concurrence of the other judges, affirmed.