## NEARNS, Respondent, v. HARBERT, Appellant.

1. Where an employee is discharged before the term of his employment expires, the contract price of his services will be, *prima facie*, the measure of the damages received by him from the breach of the contract.

2. The Supreme Court will not grant new trials on the ground that verdicts are against the weight of evidence.

Nearns v. Harbert.

*Appeal from Putnam Circuit Court.*

The plaintiff sets forth in his petition that defendant on the 2d day of April, 1856, employed plaintiff for the term of twelve months as an engineer to run his steam saw mill for fifty dollars per month, and agreed also to furnish him, plaintiff, with a dwelling house and fuel for the same time, and to pay his wages monthly; that he commenced work of defendant in compliance with said contract on the 27th day of May, 1856, and continued in his employ, faithfully discharging the duties of an engineer, until July 6, 1856, at which time defendant, without provocation or cause, dismissed him from his employment and thereby prevented him from fulfilling his contract. Plaintiff claimed $600 damages.

Defendant admitted in his answer the employment of plaintiff as alleged in the petition, but alleged that the hiring was induced by representations made by plaintiff that he was a skillful engineer, well acquainted with the managing and conducting of a steam engine; that plaintiff entered upon the execution of his contract, and was incapable of complying with it by reason of his ignorance of the duties of an engineer; therefore plaintiff discharged him.

The court gave the following instructions asked by plaintiff: " 1. If the jury believe from the evidence before them that the defendant employed the plaintiff as an engineer for the term of twelve months, and that defendant discharged plaintiff from his service before the expiration of the twelve months, they must find for the plaintiff the price agreed on for a year's service, unless they also believe that plaintiff was not qualified to perform the services he agreed to perform, or that plaintiff failed or neglected to perform them. 2. It is admitted by the pleadings in this case that defendant did employ plaintiff for the space of twelve months at the price of fifty dollars a month, and also that defendant discharged plaintiff before the expiration of that time."

The following instructions asked by the defendant were given to the jury: " 1. If the jury believe from the evidence

that plaintiff hired himself to defendant as a first class or competent engineer, the defendant had a right to discharge him from his service, and that plaintiff is not entitled to recover in this action.    2. If the defendant hired plaintiff as a first class engineer, and the jury believe from the evidence that plaintiff was not competent to discharge such service as a first class engineer, they must find for defendant.    3. If the jury believe defendant hired plaintiff as a first class engineer, then they must further find that plaintiff was a first class engineer, and that he faithfully discharged his duties as such first class engineer while in defendant's employ, and that defendant discharged plaintiff from his service."

The jury found a verdict for plaintiff and assessed the damages at $600.

*Gardenhire, Morrow* and *Parsons,* for appellant.

*Davis,* for respondent.

I. The instructions given for plaintiff below were correct. If the party plaintiff was discharged by his employer before the term of his employment had expired, his contract is *prima facie* the measure of damages, unless the defendant had alleged or proved some facts in qualification of the rule. (4 Mo. 44; 15 Mo. 181.)

Scott, Judge, delivered the opinion of the court.

All the instructions asked by the defendant were given by the court. There was nothing objectionable in the instructions asked by the plaintiff and given by the court. The measure of damages stated in them for the violation of the contract mentioned in the petition was the correct one. In the case of Pond v. Wyman, 15 Mo. 183, the rule is laid down that the refusal of the defendant to permit the plaintiff to perform his contract is equivalent to a performance for the purpose of maintaining an action upon the contract, and the contract price of the services will be the measure of the recovery of the plaintiff unless the defendant by evidence shows that the damages actually sustained are less than the

price agreed upon. So, on the other hand, if one is employed by the year at fixed wages, he can not recover any thing for his services if he quits without cause before the expiration of the year. (Schnerr v. Lemp, 19 Mo. 40.) The defendant offered no evidence showing that the plaintiff was entitled to less damages than the measure *prima facie* fixed by law.

When there is evidence in favor of and against the existence of a fact in issue, the circuit court is the proper tribunal to determine whether the verdict of the jury should stand or not. When that court, which has heard the evidence and seen the demeanor of the witnesses whilst testifying, refuses to disturb the verdict, there is no principle on which this court can grant a new trial on the ground that such verdict is against the weight of evidence. This is now well settled.

Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.