<hr />

JACOB AARON, Respondent, v. JONAS MOORE, Appellant.

34   79
62a 152

*Contract—Servant.*—If a servant contract to serve for a year, and leave the employment of his master before the expiration of the time, and without sufficient cause, he cannot recover upon the contract. A disagreement between himself and his fellow-servants is not a sufficient cause for leaving his master's service.

*Appeal from St. Louis Law Commissioner's Court.*

*J. T. Wise,* for appellant.

A servant employed by the year, at fixed wages, cannot recover anything for his wages if he quits without cause before

the expiration of the year. (Schnerr v. Lemp, 19 Mo. 40; Posey v. Garth, 7 Mo. 94; Littell v. Mercer, 9 Mo. 218; Dickson v. Caldwell, 26 Mo. 60.)

*W. H. Lackland*, for respondent.

BAY, Judge, delivered the opinion of the court.

This suit was brought before a justice of the peace, on an account for work and labor, where plaintiff obtained judgment for the sum of fifty-five dollars, from which defendant took an appeal to the Law Commissioner's Court, where plaintiff again recovered judgment for the sum of sixty dollars, and from this judgment defendant appeals to this court.

The defendant filed a counter-claim, and set up as a further defence that he hired the plaintiff for a year, and that plaintiff left his service before the end of the year without reasonable cause.

There was proof in the case tending to establish plaintiff's account, and that the hiring was for a year, and that plaintiff left because of some difficulty between him and a servant of defendant.

At the instance of the plaintiff, the court instructed the jury as follows:

" If the jury find from the evidence that the plaintiff worked for defendant for the period of seven months, and that his services were reasonably worth the price and sum of fifteen dollars per month, they will find for plaintiff for the balance of said services, after allowing such credits thereon as they may, from the evidence, find defendant entitled to, unless they find from the evidence that such services were rendered under positive agreement between the parties that plaintiff should serve the defendant one year."

And, at the instance of the defendant, the court gave the following instruction:

" If the jury find from the evidence that plaintiff engaged to work for defendant one year, and without sufficient cause left the defendant's service, and refused to complete the year's

work, the plaintiff is not entitled to recover anything for that portion of said year during which he may have worked for defendant."

No objection is seen to these instructions, for, to the extent they go, they embody the law of the case; but we think the third instruction asked by defendant should have been given.

It is as follows:

"The jury are instructed that whatever the servants may have done towards plaintiff, did not give him sufficient cause for leaving defendant, unless the jury believe from the evidence that the same was done by order or consent of defendant. A mere disagreement or misunderstanding with defendant's servant did not afford plaintiff sufficient cause for leaving defendant's service."

. The evidence preserved in the bill of exceptions shows no other reason for abandoning the service of defendant than a trivial disagreement between plaintiff and a servant of defendant, which certainly did not warrant the plaintiff in leaving before the expiration of the term, if he was to work by the year. The instruction given on the part of the defendant left it to the jury to say whether or not he left without a sufficient cause; but when a party abandons his contract and assigns a particular cause for such abandonment, the opposing party has a right to the opinion of the court as to the legal sufficiency of such cause. The refused instruction, though carelessly drawn, should have been given.

The judgment will be reversed and the cause remanded.