ELIZABETH BERSCH, ASSIGNEE, &c., Respondent, *v.* ENO SANDER, Appellant.

1. *Contract—Performance—Action.*—Where a party enters into a contract for the sale and delivery of property at a stipulated price, the contract being entire, a full performance on his part is a condition precedent to a right of action for the price of any part of the property delivered.

2. *Practice—Assignment.*—A plaintiff suing as assignee of an account, must prove the fact of assignment.

*Appeal from St. Louis Circuit Court.*

*Kehr,* for appellant.

I. Smith having failed to carry out his contract, the plaintiff cannot recover on the same, and in support of this posi-

tion the appellant invokes the familiar principle of law that " where a party enters into a contract which is entire for the sale and delivery of property at a specified price, a full performance on his part is a condition precedent to his right of action against the vendee for the price of any part of the property delivered under the contract." (McKnight v. Dunlap, 4 Barb. 44, and cases there cited ; Paige v. Orth, 5 Den., N. Y. 406 ; Oakley v. Merton, 1 Kern., N. Y. 25.)

In our State the same doctrine has been applied to contracts for labor and service.  (Schnerr v. Lemp, 19 Mo. 40, & Aaron v. Moore, 34 Mo. 79.)  Smith had agreed to furnish ice from May until the end of December, and having failed to do so the appellant contends that he cannot recover for any part of the ice furnished, although it was accepted by the defendant.

II. But if it be said that by Sander's default in not paying the ice bill for June, when presented to him on the 8th of July, he first violated the contract and thereby placed it in Smith's power to abrogate the contract altogether, we reply that Smith by accepting the part payments afterwards, and especially by continuing to furnish ice as before, waived the right reserved to him by the contract, and having once waived it, he cannot afterwards take advantage of the defendant's laches.  " A right once waived is gone forever, and therefore after the waiver the parties stood in the same relation as though no default had ever occured."

*Francis Minor*, for respondent.

The evidence fully sustains the allegations of the petition, and shows that respondent delivered the ice called for, and at the prices agreed upon, until appellant failed to pay for it as he was bound to do.  The contract being thus broken by the appellant, the parties were at liberty to make any other or further agreement they chose.  There is no pretence that the ice was not furnished as charged ; the appellant only complains that he had to pay more for a part of it than originally agreed upon.  For this he has no one to blame but himself; and even of this he cannot complain, because the evidence

shows that he accepted it at the advanced price, and that such price was customary and usual. The judgment, therefore, should be affirmed, with damages.

HOLMES, Judge, delivered the opinion of the court.

This was an entire contract. One party agreed to furnish the other with ice during a given time and season, to be delivered from his ice cellar from day to day, at a fixed price per ton, payable monthly for the quantity delivered at the end of each month. It appears that the amount due for the month ending the 8th day of July was not paid when the bill was presented, but that before the 24th day of that month payment had been made and accepted upon it without objection, leaving a balance unpaid on that day of seventy-eight dollars, and that the other party had continued to deliver ice as before up to that time, when he stopped, and refused to deliver any more under the contract, the price having advanced fron ten to fifteen dollars per ton. On this state of facts the party must be held to have waived the failure of the defendant to pay the bill on the day when it was presented, and impliedly and virtually consented to give a further credit on the bill then due. Having thus elected to continue the contract, he had no right to present a bill for the current month on the 24th day of July, and refuse a further fulfilment of the contract, and his stoppage then was a violation of the contract on his part without adequate cause. The contract being entire, he was not entitled to recover for any part of it. A full performance on his part was a condition precedent to a right of action for the price of any part of the ice so delivered under the contract. (McKnight v. Dunlap, 4 Barb. 44; Paige v. Ott, 5 Den. 406; Oakley v. Merton, 1 Kern. 25; 2 Pars. Cont. 517–20.) The same principle applies as in cases of servants who leave, without adequate cause, before the end of the time for which they are hired. Schnerr v. Lemp. 19 Mo. 40; Aaron v. Moore, 34 Mo. 79.) The contract was for the delivery of ice at a fixed price during a whole season, and the party could not break it off in the middle of summer, because the price had risen, without

a clear breach of the contract on the other side. Having waived the default of the defendant at the time, he could not avail himself of it afterwards under the circumstances proved.

The plaintiff sues as assignee of the account, by virtue of a written assignment on the back of it. The assignment was denied by the answer. No proof appears to have been given of any assignment of the account sued on. It is stated in the bill of exceptions that it was proved that the articles of agreement had been assigned to the plaintiff. It is not apparent how this worked an assignment of the account as alleged in the petition. The petition makes the account the basis of the cause of action, and this was not proved to have been assigned to the plaintiff. On the case made the plaintiff was not entitled to recover, and the defendant's instruction should have been given.

Judgment reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.