B. N. STEINBERG, Appellant, v. ADOLPH GEBHARDT, Respondent.

1. *Contract—Services—Damages.*—In actions upon contracts for services rendered, the compensation agreed upon is *prima facie* the measure of damages when the defendant refuses to permit a performance on the part of the plaintiff.

2. *Supreme Court—Practice—Verdict—Jury.*— The Supreme Court will not weigh the testimony, to ascertain whether the jury found too much or too little in assessing the amount of damages sustained by the plaintiff.

*Appeal from St. Louis Circuit Court.*

This was a suit on a contract by which defendant employed plaintiff, as real estate agent at St. Louis, to sell within three months a house and lot of defendant's. Plaintiff advertised the house and lot for sale. The defendant Gebhardt sold the house and lot to his tenant for $7,500 without informing plaintiff. After the sale by Gebhardt, and within the three months specified, plaintiff found a purchaser of the house and lot at the price of $8,000. Plaintiff sued for the amount of commissions of $2\frac{1}{2}$ per cent. of the sum of $8,000, less the printer's fee, which Gebhardt had paid.

The plaintiff asked this instruction :

"If the jury believe from the evidence that the defendant made a contract with the plaintiff on the 26th day of September, 1865, for the said plaintiff, within three months after making of said contract, to sell the real property of defendant in petition mentioned at the sum of $8,000 ; and further find that defendant, within three months, prevented plaintiff from selling said property by selling it himself for a less sum, then the jury will find for plaintiff the price agreed on for commissions as the measure of plaintiff's damages."

The court refused to give this instruction, but gave of its own motion the following :

"If the jury find for the plaintiff, they will give him as much as the services he rendered were worth ; but in fixing the value of his services, the jury will consider what he was to get for selling the property (if he had sold for $8,000), and will allow him such a portion of the price agreed on as they think just and proper."

*J. A. Beal*, for appellant.

*Gottschalk*, for respondent.

FAGG, Judge, delivered the opinion of the court.

In the former cases adjudicated in this court, it has been held, that in actions upon a contract for services rendered

where the amount of compensation is fixed by its terms, such sum is *prima facie* the measure of damages when the defendant refuses to permit a performance on the part of the plaintiff. Such refusal is to be taken as equivalent to a performance for the purpose of maintaining the action—Pond v. Wyman, 15 Mo. 175; Nearns v. Harbert, 25 Mo. 352. If, however, the failure to perform the contract results from the act of the plaintiff, it is always competent to prove such a fact, and leave the jury to say upon the evidence whether any damage was sustained or not. In this case there was some evidence tending to prove a settlement between the parties and a payment in full of all the damages claimed.

It is not the province of this court to weigh the testimony for the purpose of ascertaining whether the jury found too much or too little. In the instructions given, the court very properly told the jury that it was their province to find the amount of damage, if any had been sustained, and that they were not at liberty to go beyond the amount fixed by the contract sued upon. The jury found for the plaintiff in the sum of twenty-five dollars, and we shall not disturb the verdict. The instruction asked on the part of the plaintiff was properly refused.

The other judges concurring; the judgment will be affirmed.