Edwards, Admr. v. Giboney.

————o————

JAMES F. EDWARDS, Administrator of THOMAS B. ENGLISH, Respondent, *vs.* ANDREW GIBONEY, Appellant.

*Practice, civil—Allegata and probata.*—A defendant will not be permitted to set up evidence to support a defence, not set up in his answer.

*Appeal from Cape Girardeau Court of Common Pleas.*

*L. Houck,* for Appellant.

*L. H. Davis,* for Respondent.

ADAMS, Judge delivered the opinion of the court.

This was an action for legal services, claimed to have been rendered by the plaintiff's intestate to the defendant, in many cases, to the amount of $450. The bill of particulars sets out fees for services, commencing in 1860 and 1861; in 1864 and 1865.

The defendant denied the employment of English in any of the cases, except the suit of Verges vs. Giboney and pleads payment for those services. The case of Verges vs. Giboney occurred in 1865, as set down in the bill of particulars.

On the trial the plaintiff introduced evidence tending to show, that English had rendered services in the suits set down in the bill of particulars, as occurring in 1861, 1864 and 1865; including the Verges case in 1865, amounting in the aggregate to $250, and judgment was rendered for that amount against the defendant.

On trial the defendant offered to read the following receipt as evidence, which was excluded by the court. "$20,—Received of Andrew Giboney twenty dollars, part of fees for attention to business for him, as attorney in sundry cases. December 9th, 1863.—Thomas B. English.

The exclusion of this receipt is the only material point presented for our consideration. There was no plea of payment for any of the services claimed, except the case of Verges which occurred in 1865, long after this receipt was given. The receipt did not apply to the Verges case, as the payment had reference to services already rendered, and not to services to be rendered in future cases. On this ground it was properly excluded.

Judgment affirmed. The other judges concur.