ALEXANDER McELHINNEY, Respondent, *v.* VALENTINE KLINE, Appellant.

May 21, 1878.

Where an attorney is retained for a particular case, and does work, and is discharged without fault on his part, the only measure of damages is the price agreed to be paid. The nature of the engagement exempts the case from the rule by which the contract price, in ordinary cases of service, is made merely *primâ facie* evidence.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
POPE & McGINNIS, for appellant.
J. W. McELHINNEY, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action on a written contract to pay conditionally $200 to the respondent, an attorney, for legal services. As the contract recites, the appellant was grantee in a certain deed containing covenants of warranty, and expected to be ousted and to have to bring suit on the covenants. The respondent agreed that upon the breach of the covenant, he, as an attorney, would bring suit for breach ; and the appellant agreed that if the respondent " shall so bring and prosecute said suit at law, and shall recover said legal damages for him," the appellant " will, out of said damages so recovered, at the time of the recovery thereof, pay " to the respondent $200. There was a recovery in ·ejectment against the appellant, and the covenantor died leaving other real estate. No administration being taken out on the covenantor's estate, the respondent, as attorney for the appellant, applied to the Probate Court and obtained an order that the public administrator take out letters, on condition that the appellant pay him $50 to defray expenses. This the appellant refused to pay ; and then, without consulting the respondent, compromised the ejectment suit and had the judgment against himself set

aside by purchasing the outstanding interests. The evidence showed that the respondent took steps towards prosecuting the suit for breach of covenant, did some preliminary work, and was only prevented from bringing the suit by the conduct of the appellant. The present suit was originally before a justice, but was appealed, and in the court below the respondent had judgment.

It is contended that the appellant had a right to compromise the suit then pending against him. There can be no doubt of this. In the first place, however, the present does not seem to be a case of compromise arising fairly in litigation, but of abandonment of contract and of an attorney employed, and then of a settlement made under advice of third persons. In whatever light it is viewed, however, it was by the act of appellant, and not by the non-occurrence of any contingency contemplated by the contract, that the respondent was prevented from serving as it had been agreed that he should serve. By the contract, the respondent was to recover the legal damages for the appellant, and was to be "paid out of said damages so recovered;" but both the prosecution of the suit and the chance of recovery were prevented by the appellant's conduct.

The respondent entered upon the service, and pursued it until stopped by the appellant. By the contract the price for the service was fixed upon. As the act of appellant prevented performance, it is to be assumed that the service would have been performed as agreed upon. In case of such service, the damage sustained by the refusal is measured by the price fixed by the contract. *Marsh* v. *Holbrook*, cited 59 Barb. 577; *Baldwin* v. *Bennett*, 4 Cal. 392; *Myers* v. *Crockett*, 14 Texas, 257. Where an attorney is thus retained for a particular case, and does work, and is discharged without fault on his part, it would seem that the only measure of damages is the price agreed to be paid; and that the nature of the engagement exempts the case from the rule by which the contract price, in ordinary cases

of service, is made merely *primâ facie* evidence. Cases cited *supra*. See *Steinburg* v. *Gebhardt*, 41 Mo. 519; *Nearns* v. *Harbert*, 25 Mo. 352; *Pond* v. *Wyman*, 15 Mo. 176.

There was no error in refusing the instructions offered by the appellant. None of them presented propositions of law applicable to the case.

The judgment is affirmed, all the judges concurring.