## KERSEY v. GARTON, *Appellant.*

77 645|
32 681|

77 645.
101 30|
39a 317

77 645|
42a 668|

77 645
46a 261|
47a 95

77 645.
108 95
48a 198
48a 461·

77 645
50a 513

77 645
54a 160

77 645|
142 532|

77 645
77a 94

77 645|
162 684|
163 448|
163 519|

77 645
164 219

1. **Attorney's Fees**: PLEADING. The petition in a suit to recover attorney's fees, failed to aver directly that the plaintiff had obtained a license to practice law. *Held,* not a defect that could be taken advantage of in arrest.
2. **Attorney and Client**: CONTRACT. If an attorney is prevented by his client from completing his employment, he will be entitled to recover his fees as if the contract was fully performed.
3. **Pleading**. Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out.

*Appeal from Greene Probate and Common Pleas Court.*—HON. T. H. B. LAURENCE, Judge.

AFFIRMED.

This was a suit for attorney's fees. The petition alleged that the plaintiffs were partners in the profession and practice of law under the firm name of Kersey & Druley; that they were employed by defendant to bring suit for certain land for a fee contingent upon success; that they had brought the suit and were prosecuting the same, when defendant refused to permit them to proceed and had the suit dismissed; and that defendant refused to pay plaintiffs any fee. The answer was a general denial. Plaintiffs had judgment. Defendant moved in arrest of judgment and for a new trial. Both of these motions were overruled and defendant appealed.

*McAfee & Massey* for appellant.

*Boyd & Vaughan* for respondent.

## I.

SHERWOOD, J.—The objection that the petition does not state that either of the plaintiffs ever obtained a license to practice law, cannot be urged in arrest. The defect is

not a fatal one, and is cured by verdict. Inferentially, at least, the allegation is made that plaintiffs were duly admitted to the bar.

## II.

The declaration of law to the effect that the defendant having prevented the plaintiffs from completing their contract by dismissing his suit, they were entitled to recover as if the contract were fully performed on their part, we regard, in view of the facts in evidence, as correct and sustained by the authorities cited in behalf of plaintiffs. *McElhinney v. Kline*, 6 Mo. App. 94; *Marsh v. Holbrook*, (N. Y. Ct. App.) 3 Abb. 176; *Baldwin v. Bennett*, 4 Cal. 392; *Myers v. Crockett*, 14 Texas 257; *Hunt v. Test*, 8 Ala. (N. S.) 713. And there is much force in the view that contracts, such as the one before us, are from the nature of the engagement; from the peculiar and confidential relations existing between the parties thereto; from the fact that an attorney, when discharged by his client, is prevented from accepting employment in the same cause by the adverse party; from the fact of its being practically impossible to determine the value of an attorney's services up to the time of his dismissal, and from the fact of the impossibility of ascertaining the measure of his damages; that these circumstances should exempt such a contract from those rules which prevail in cases of contracts differing so widely in these essential particulars from that under discussion, and should fix the measure of damages at the price agreed to be paid. Weeks on Attys., § 266. In the language of the supreme court of Alabama, when discussing a similar case: "It would be most unjust that the defendant, by a compromise with the adverse party, should snatch from the plaintiff the fruits of his labor, and deprive him of the power of performing his contract." *Hunt v. Test, supra.* In this case, the defendant, by compromising the suit, derived the benefit of his attorneys' services, and obtained by that compromise $300, which the evidence of

Rainey tended to show was the full value of the land. If so, the recovery of the plaintiffs was not as large as it should have been.

### III.

There is no error in the declaration of law which excluded all evidence in relation to the title of the land concerning which the suit in ejectment was brought. The answer was simply a general denial. If the defendant, in the circumstances of this case, could have raised such an issue, a point not necessary at present to be determined, he could only have done so in the legitimate way, *i. e.*, in his answer. If he had no title to the land; if the action brought at his instance, would not have proved ultimately successful, this was a matter of defense, to be specially pleaded, the rule of the code in such cases being this: "Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out." *Northrup v. Mississippi, etc.*, 47 Mo. 435 ; Bliss Code Plead., § 352. As the act of the defendant prevented performance, it is to be assumed that the service would have been performed as agreed upon. *McElhinney's case, supra.* Therefore, judgment affirmed. All concur.