John A. Judy, Respondent, v. M. Y. Duncan, Appellant.

Kansas City Court of Appeals, April 19, 1886.

Pleading—Evidence—Case Adjudged—Where suit was brought for money received to the use of plaintiff, and which defendant had failed, on demand, to pay over, and the answer admitted the receipt of money as stated, but alleged a larger amount due from plaintiff to defendant for legal services rendered at his instance, to which plaintiff filed a reply which was simply a general denial. *Held*, that the reply, being a general denial, did not justify the proof of new matter by the plaintiff, but, if the defence to the set-off claimed by the answer was payment or the taking of property in settlement it should have been pleaded as new matter. The evidence should be confined to the case made by the pleadings.

Appeal from Audrain Circuit Court, Hon. Elijah Robinson, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

McFarlane & Trimble, and Boulware, for the appellant.

I. The only issue made by the pleadings was the reasonableness of defendant's fees as attorney. The reply set up no new matter. *Northrup v. Insurance Co.*, 47 Mo. 435.

II. The evidence did not support the instructions. There was no contract set up in the pleadings, and the action was on a *quantum meruit*. *Ely v. Railroad*, 81 Mo. 34; *Gilchrist v. Donnell*, 53 Mo. 591; *Fellow v. Wise*, 55 Mo. 413; *Glass v. Gelvin*, 80 Mo. 302; *Davis v. Brown*, 67 Mo. 313; *Moffett v. Conklin*, 35 Mo. 455. There was no charge or claim for coal in the petition or reply. *Edwards' Adm'r v. Gibony*, 51 Mo. 129.

W. W. Fry, for the respondent.

I. Defendant admitted that he received and held the two hundred and fifty dollars sued for, and set up a larger amount due him for legal services. Plaintiff's reply was a general denial. The only issue was whether plaintiff was indebted to defendant, and how much, and this was an issue of fact, and submitted to the jury, who allowed defendant for his services, and gave plaintiff verdict for remainder, one hundred and twenty-three dollars.

II. There were no objections made to the introduction of any part of the evidence, and it was not preserved in the bill of exceptions, and this court will not consider whether the evidence supported the instructions or not. *Wilcox v. Todd*, 64 Mo. 383.

III. Under the reply, plaintiff could show he was never indebted, or that he owed him less, or that the services were gratuitous, or disprove any of his allegations. *Cavender v. Waddingham*, 2 Mo. App. 557.

IV. The instructions show that there was proof of payment of twenty-five dollars cash, and, also, some coal on account, and the jury were left to find what was due upon both the evidence and the pleadings. *Monsier v. Botts*, 80 Mo. 651.

Ellison, J.—This action was instituted against the defendant for the sum of two hundred and fifty dollars, which defendant had, as is alleged, received to the use of plaintiff, and which he had failed, on demand, to pay over. Defendant answered, admitting the receipt of three hundred dollars at the time stated in the petition, which he had credited to plaintiff on account of certain fees due him for legal services rendered at plaintiff's instance. That said services were of the reasonable value of five hundred dollars, and that after crediting the plaintiff with said sum of three hundred dollars, there still remained due and owing defendant the sum of two hundred

dollars, for which he asked judgment. Plaintiff filed a reply to this answer, which was simply a general denial. The court gave two instructions of its own motion, there being none asked by either party. I set out the first one as being sufficient to make clear the opinion we entertain as to the correctness of the trial court's action in submitting them to the jury:

"If the contract between plaintiff and defendant for a fee of twenty-five dollars, was intended by the parties to cover all the services which defendant was to render, and did render, in the case referred to in the testimony, then the verdict should be for the plaintiff, for the difference between twenty-five dollars and the aggregate sum of three hundred dollars, and the value of the coal furnished defendant by plaintiff, together with interest on the amount of such difference from the day of the institution of this suit, to-wit, January 9, 1885."

The jury returned a verdict for plaintiff for one hundred and twenty-three dollars, and defendant appeals.

The answer admitted receiving the money, and in effect made out a case on *quantum meruit* against plaintiff for services rendered him at his special instance and request. The reply being a general denial, would not justify the proof of new matter by the plaintiff. From the instruction, it would appear that evidence of the payment of coal had been made to defendant on account of his services, or else plaintiff's claim for coal has been introduced as a set-off. The evidence is not preserved in the record, and we cannot say exactly how the matter found its way into the case. But whether payment or set-off, it should have been pleaded as new matter. *Wilkerson v. Farnham*, 82 Mo. 672, 678; *Greenway v. James*, 326, 328; *Kersey v. Gaston*, 77 Mo. 645; *Edwards' Adm'r v. Giboney*, 51 Mo. 129.

The evidence should be confined to the case made by the pleadings.

The judgment is reversed and the cause remanded. All concur.