[No. 1799.  Decided July 10, 1895.]

C. H. SQUIRES, *Respondent*, v. J. W. ZUMWALT et ux., *Appellants.*

ACTION BY LESSEE FOR DETENTION OF PREMISES — PLEADING —DIRECTED VERDICT.

In an action for damages for the detention of property to which plaintiff claimed the right of possession under the terms of a lease, the complaint is sufficient when it gives a specific description of the property, showing the state and county where situated and alleging that the building on the property is the one covered by the lease set out in the complaint, possession of which had been taken under such lease, although the lease itself gives no indication of the county in which the property is located, other than the name of the town, of whose location the court would take judicial notice, and the file mark for record of the lease, which shows that it had been recorded in a certain county.

The plaintiff is entitled to a peremptory instruction charging the jury to find in his favor upon the issues raised by the pleadings, when there is no substantial contradiction of the testimony introduced by him.

*Appeal from Superior Court, Skagit County.*

*C. C. Bitting,* for appellants.

*Million & Houser,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—But two substantial questions are presented by the record on this appeal.  The first is as to

16—12 WASH.

the sufficiency of the complaint, and the second as to whether or not such facts were shown by the proofs as to entitle the plaintiff to a peremptory instruction to the jury to find in his favor.

The alleged insufficiency of the complaint grows out of the description, in the lease, of the property, to obtain damages for the detention of which this action was brought. In said lease the property was described as lot 1, block 12, Gates' Second Addition to Mount Vernon, but there was no statement as to where said addition was located. It appeared, however, from the complaint and from the lease itself that it had been recorded in Skagit county, and we are not satisfied that, in view of this fact and of the further fact that the court will take judicial notice of the county in which Mount Vernon is situated, the description was insufficient. But, however this may be, it was alleged in the complaint and clearly appeared from the proofs that possession of the building was taken under said lease. The complaint also contained a proper description of lot 1, block 12, in Gates' Second Addition to Mount Vernon, showing the county and state in which the property was situated, and it was alleged therein that the building situated on the lot so described was the building covered by the lease. Under these circumstances the court rightfully held the complaint to be sufficient.

Upon the other question the appellants claim that they were entitled to have the jury pass upon the issues raised by the pleadings, and that the court committed reversible error when it practically took from it the questions thus presented. This claim must be sustained if there was any substantial conflict in the proofs relating to such issues, but in our opinion there was no such conflict. The only question upon which

there was even a semblance of a conflict, was the one relating to the circumstances surrounding the detention of the building by the appellants, and upon that question the testimony of the respondent was abundantly sufficient to show that such detention was forcible and unlawful, and this testimony was substantially confirmed by that of the appellants, and there was nothing in the circumstances surrounding the transaction disclosed by the proofs to in any manner contradict the testimony on the part of the respondent.

It is further suggested by the appellants that there was no proof of the amount of damages suffered by the respondent. In view of the allegations in the complaint and of the denials in the answer, it was not necessary for the respondent to introduce any proof upon that question, and even if it was, the finding by the court as to the amount of such damages was, under all the circumstances, so favorable to the appellants, that the judgment should not be reversed on account of the ruling of the court upon that question, even if it was erroneous.

In the brief of the appellants, there are other suggestions of error, but they are all founded upon the alleged insufficiency of the complaint, or the invalidity of the lease, or the action of the court in taking the case from the jury, and require no detailed consideration.

The judgment will be affirmed.

ANDERS, SCOTT, DUNBAR and GORDON, JJ., concur.