Reynolds v. Clark County.

---

REYNOLDS, Appellant, v. CLARK COUNTY.

### Division Two, May 21, 1901.

1. **Attorneys:** EMPLOYMENT: COUNTY COURT. County courts have power to employ attorneys to represent the county in suits brought against it, and when so employed said contract is enforcible in the same way as contracts with other parties.

2. ———: ———: DISMISSAL OF SUIT: LIABILITY. If a party employs an attorney to bring or defend a suit, and such suit is brought or defended, such party can not, while the suit is pending, dismiss the suit, if he is plaintiff, or compromise it, if he is a defendant, and then refuse to pay his attorney as previously agreed upon.

3. ———: ———: SETTLEMENT BEFORE PERFORMANCE. Where one who employs an attorney to defend a suit, settles it by compromise without consulting the attorney, and thereby prevents the performance of the service by him, it will be presumed that the service would have been performed as agreed upon.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED *(with directions).*

*O. S. Callihan* for appellant.

(1) The county court, as the administrative agent of the county, had full power and authority to make the contract with plaintiff. It pertained to a matter directly affecting the interests committed to its charge, and it would have been remiss in the performance of its duties had it not employed counsel familiar with Federal court procedure to take charge of and

manage the county's defense to the suit.   That the county court
had the inherent power, independent of an express statute, to
make the contract, and charge the county with the liability
created by the contract, has been expressly decided in the case
of Henley v. Clover, 6 Mo. App. 181; Chickasaw v. Bailey,
13 Iowa 435; Hornblower v. Duden, 35 Cal. 664.   (2)
Counties are political subdivisions of the State, and are quasi
corporations.   They may sue and be sued, and by necessary
implication can employ counsel to attend to the litigation.   Rail-
road v. Marion Co., 36 Mo. 307; Walker v. Linn Co., 72 Mo.
653; Hannon v. St. Louis County, 62 Mo. 317; Butler v.
Sullivan Co., 108 Mo. 630; Railroad v. Anthony, 73 Mo.
434.

*C. T. Llewellyn* for respondent.

(1)   The county court of Clark county had no power or
authority to make the contract sued upon.   Counties being
merely parts of the State government, they partake of the
State's immunity from liability.   The State is not liable ex-
cept by its own consent; and so the county is exempt from lia-
bility unless the State has consented.   Counties are not liable
to implied common-law liabilities as municipalities.   4 Am.
and Eng. Ency. Law, p. 359.   Their liabilities, whether
grounding in tort or contract, are the mere creatures of stat-
utes, and they possess no power and can incur no obligations
except such as are specially provided for by statute.   Granger
v. Pulaski County, 26 Ark. 37.   In the absence of statute
there is no county liability.   A contract not made pursuant
to statutory authority will not be binding.   Reyburn v. Davis,
2 Ill. App. 548; Stump v. Cass Co., 47 Mich. 330; Robertson
v. Breedlove, 61 Texas, 316.   A county is not a municipal
corporation in the full sense of the term, but only a quasi cor-

poration, and possesses such powers and is subjected to only such liabilities as are specially provided for by law. Schweiss v. First Judicial District Ct. (Nev.), 45 Pac. 289. The jurisdiction, powers and duties of county courts must be limited to those granted and defined by the law. Book v. Earl, 87 Mo. 246; State ex rel. v. Harris, 96 Mo. 37; Wolcott v. Lawrence Co., 26 Mo. 272. (2) It has been repeatedly ruled by our Supreme Court that county courts are not the general agents of the counties or the State, and only have such authority as is expressly granted them by statute; beyond the limits of such grant their acts are void, and persons dealing with them are bound to take notice of their power and authority. Butler v. Sullivan Co., 108 Mo. 630; Sturgeon v. Hampton, 88 Mo. 203. The statutes of Missouri make ample provision for the prosecution or defense of suits for or against the county. R. S. 1879, sec. 513; amended Laws 1881, p. 38; R. S. 1879, sec. 514.

SHERWOOD, P. J.—The county court of Clark county, employed plaintiff as attorney at law, in litigation, in which the county was sued on $20,000 of M. & M. R. R. F. B. coupons detached, as well as accrued interest from 1871 up to 1887, when the contract of employment was made. Some $50,000 was involved in the suit, which was then pending in the United States Circuit Court for the Eastern District of Missouri. Judgment went in favor of the county, and the cause was carried by appeal from such court, by L. C. Whitford, the plaintiff therein, to the Supreme Court of the United States, where the judgment was reversed on a technicality, and cause remanded to the circuit court for retrial. The plaintiff in the case at bar attended to the case in the Supreme Court of the United States, and when the cause came back, he prepared for trial; held a consultation with the county, his client, and

advised that plaintiff had no case.

The county then paid him $250 and by the terms of his contract he was entitled to $250 more on the ground of attending to the case in the Federal circuit court. With matters in this posture, and with plaintiff holding himself in readiness to try the cause when it should be called, the county court, without communicating or consulting with plaintiff in regard to what they were about to do, compromised and settled the business for $4,000 in full settlement of the claim.

Thus, it seems, *throwing away just that sum,* as the claim sued on never could have been recovered, even in the Federal court, which, it may be parenthetically stated, is saying much for the utter worthlessness of the claim.

Being informed of what had been done behind his back, plaintiff presented his account for the remaining $250 to the county court, which refused to allow the amount, whereupon he appealed to the circuit court, and that court denied plaintiff's right to recover on the specific and single ground that the county court had no power to employ plaintiff as an attorney in the matter aforesaid. Acting on this theory, the trial court refused to declare the law to be that plaintiff, on the evidence, was entitled to recover, and gave judgment for defendant; hence this appeal.

The court has taken just the opposite view of the law to that decided by the lower court. [Thrasher et al., v. Greene Co., 87 Mo. 419; Thrasher v. Greene Co., 105 Mo. 244.]

The county court, therefore, had the power to make the contract, which contract, when made, bound the county, and placed it on the same plane of liability and on the same basis as to incidents and consequences flowing from such liability, as other contracting parties are placed. Among such incidents and consequences is this one: That if a party employs an attorney to bring or defend a suit, and such suit is brought

or defended; such party can not, while the suit is pending, dismiss the suit, if he is plaintiff, or compromise it, if defendant, and then refuse to pay his attorney as previously agreed upon. This view is announced by all the courts. [Kersey v. Garton, 77 Mo. 645, and cas. cit.]

In the language of one of those cases, "It would be most unjust that the defendant, by a compromise with the adverse party, should snatch from the plaintiff the fruits of his labor, and deprive him of the power of performing his contract." [Hunt v. Test, 8 Ala. (N. S.) 713.]

This principle is also recognized in certain passages of the Rev. Stats. *Coeli* where it is said that, "The laborer is worthy of his hire" (Luke 10 : 7) ; and, "Thou shalt not muzzle the ox that treadeth out the corn" (1 Tim. 5 :18).

Furthermore, as the act of defendant prevented performance, it will be assumed that the service would have been performed as agreed upon. [McElhinney v. Kline, 6 Mo. App. 94.]

Therefore, the judgment will be reversed and the cause remanded with directions to the circuit court to enter judgment for the amount of plaintiff's demand, together with six per cent interest from the date of its presentation for allowance to the county court. All concur.