[No. 6538. Decided April 2, 1907.]

JOSEPH SESSIONS, *Respondent*, v. H. M. WARWICK,
*Appellant.*[1]

ATTORNEY AND CLIENT—ACTION FOR COMPENSATION—PLEADING AND
PROOF. In an action to recover attorney's fees by an attorney who
had been discharged, evidence on the part of the defendant that
plaintiff did not attend to the taking of certain depositions is inad-
missible under an answer alleging a discharge on account of plain-
tiff's improper conduct in having instigated the case, and where it
did not appear that the depositions were necessary.

SAME—DISCHARGE—TRIAL—DIRECTION OF VERDICT. In an action by
an attorney to recover on an entire contract for the payment of
$1,000 for services to be rendered in another suit, the jury is prop-
erly discharged and judgment rendered for the plaintiff, where the
defendant's evidence admits the contract and the balance due, and
there was no evidence of any defense to go to the jury; it appearing
that the only ground alleged in the answer for discharging the plain-
tiff was known to the defendant before employing the plaintiff.

[1]Reported in 89 Pac. 482.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered March 16, 1906, in favor of the plaintiff after discharging the jury at the close of the testimony, in an action to recover for legal services. Affirmed.

*Merritt, Oswald & Merritt,* for appellant.

*C. H. Neal* and *Joseph Sessions,* for respondent.

HADLEY, C. J.—This is a suit to recover a balance alleged to be due on a contract for the payment of attorney's fees. The complaint avers, that on or about April 1, 1905, the plaintiff and defendant entered into an oral agreement, by the terms of which the defendant employed the plaintiff to appear for him and represent him in a certain lawsuit brought against him in the superior court of Lincoln county by one Morris; that the agreed compensation was $1,000, which was to be in full for all services to be performed by the plaintiff in connection with said lawsuit in the superior court and in any other court to which the cause might be taken; that on the 13th day of October, 1905, the defendant discharged the plaintiff as his attorney in said cause, informed him that he would not permit him to appear further in the suit and that he would not fulfill his contract to pay plaintiff $1,000, as he had agreed to do; that the plaintiff has at all times been ready, able and willing to fulfill his part of the contract, and would have done so if he had not been prevented by the defendant; that the defendant has paid $300 upon the contract, leaving a balance of $700 still due, for which sum judgment is demanded.

The answer alleges that the contract was to pay $1,000 in the event the plaintiff's services should be required in both the superior and supreme courts of the state; that it was understood that said sum was not to be paid unless the plaintiff's services became necessary, and unless he should perform the services that would necessarily have to be performed if the case went into both the superior and supreme courts of

the state; that thereafter the defendant paid $300 as plaintiff's fees for his services rendered in the cause, and that, becoming dissatisfied with the plaintiff's services by reason of statements made by him to the defendant, he discharged him as his attorney in the cause; that said statements were to the effect that the plaintiff procured the employment of N. T. Caton as the attorney for said Morris to bring said suit against this defendant; that this defendant believed from said conversation that said cause was to some extent, if not altogether, instigated by this plaintiff, and that the trial of the cause could not safely be entrusted to this plaintiff as the attorney for this defendant; that the sum of $300, which was paid, is ample and full pay for any services rendered by plaintiff as an attorney in the action. The cause came on for trial before a jury and, at the close of all the testimony, the plaintiff moved that the court take the case from the jury and enter judgment against defendant for $700, on the ground that there was no evidence to go to the jury in support of the defense. The motion was granted. Judgment was accordingly entered, and the defendant has appealed.

It is assigned that the court erred in excluding the testimony of appellant to the effect that respondent did not go to Oregon to see about witnesses and to take depositions. Objection was made to the testimony on the ground that no such ground of defense was pleaded in the answer. We think the objection was properly sustained on that ground. Moreover it was neither shown that such depositions of Oregon witnesses became necessary to the disposition of the case, nor that the respondent would not have performed such service if it had been found necessary and if he had not been discharged.

It is further contended that the court should not have discharged the jury, and that it was error to enter the judgment for respondent. We think there was an entire failure of evidence to support any defense. Appellant in his own

testimony admitted the contract, and the testimony of respondent and also of Mr. Myers was to the same effect as that of appellant. All this testimony showed that the respondent and Mr. Myers were employed by appellant to represent him in all the proceedings in said cause in any and all courts where the cause might be taken, and that each was to be paid the sum of $1,000; that said sum was to be in full for all services and included the taking of depositions in Oregon if necessary. There was no claim in the testimony that the full sum of $1,000 was not to be paid in the event services were not required in both the superior and supreme courts. The testimony neither showed that in such event there was to be a stipulated reduction of the $1,000, nor that there was to be paid merely the reasonable value of services actually rendered. All the testimony was to the effect that the contract was an entire one, by which appellant was to pay the full sum of $1,000, and respondent was to render all necessary service as one of the attorneys in the case. There was nothing to show that respondent had not fully rendered all necessary services in the case up to the time he was discharged. Appellant's testimony, with reference to respondent's saying that he procured the employment of Caton by Morris in the other suit, was that respondent told him so on the 3d day of April, 1905, and that after that conversation and on the same day, he made the contract of employment. This shows that respondent in no way deceived appellant, and that appellant employed him with full knowledge of what he now asserts as ground for discharge. Under such circumstances the measure of damages is the unpaid balance of the contract amount. *Webb v. Trescony*, 76 Cal. 621, 18 Pac. 796; *Bartlett v. Odd Fellows Savings Bank*, 79 Cal. 218, 21 Pac. 743, 12 Am. St. 139; *Moyer v. Cantieny*, 41 Minn. 242, 42 N. W. 1060; *McElhinney v. Kline*, 6 Mo. App. 94.

We think the court did not err in holding that there was no evidence by way of defense that was sufficient to go to the jury. There was no material conflict in the testimony

with reference to any issue raised by the pleadings.   It was therefore proper to withdraw the case from the jury and to enter judgment.   Bal. Code, § 4994 (P. C. § 608), *Squires v. Zumwalt*, 12 Wash. 241, 40 Pac. 986.

For reasons hereinbefore stated, the court did not err in denying a new trial, and the judgment is affirmed.

RUDKIN, DUNBAR, MOUNT, CROW, ROOT, and FULLERTON, JJ., concur.