## J. C. NORMAN et al., Respondents, v. O. P. VANDENBERG, Appellant.

### Kansas City Court of Appeals, May 29, 1911.

1. REAL ESTATE BROKER: Exclusive Agency: Limited Time: Repudiation of Contract: Measure of Damages. A landowner agreed with a real estate broker that he could have the exclusive agency for sixty days, at a certain commission, to sell his land for $65,000.  Seven days before the time expired the owner repudiated the contract and sold the land, through another agent, for $63,000.  It was held that the broker could not recover a commission on the latter sum at the rate agreed upon for a sale at $65,000.

2. ———: ———: ———: Measure of Damages: Onus on Party Repudiating. If one party to an agreement repudiates it and there is no stipulation for liquidated damages, the other party can only recover for the loss  suffered. If, therefore, he would have failed to perform his part of the contract had the other not repudiated it, he has lost nothing and therefore cannot recover damages.  But prima facie, the agreed compensation is the measure of the damages, though it may be shown that the damage was not that amount, or that there were no damages. In making such showing the *onus* in on the party committing the breach.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED AND REMANDED.

*Edward E. Naber, R. J. Smith* and *I. N. Watson* for appellant.

*Cooper* and *Wilson* and *John S. Wright* for respondents.

ELLISON, J.—Plaintiffs are real estate agents and were employed by defendant to sell certain realty which he owned and which was situated in Kansas City, Missouri. Plaintiffs, claiming that defendant prevented them from carrying out the contract, by selling the property himself, brought this action and recovered judgment in the trial court.

It will be observed in what we have just written that we have not stated what plaintiff sued for. We omitted a statement on that head for the reason that it is matter of sharp dispute between the parties what plaintiffs seek to do; whether they are suing on a contract to recover the contract price, or are suing on a *quantum meruit* to recover the value of their services, or, are suing for damages for breach of contract.

The facts stated as the evidence in behalf of plaintiffs tended to establish them, were that they and defendant entered into a contract whereby the latter, "in consideration of their advertising and pushing for sale at $65,000," certain described real estate, gave them the exclusive agency to sell for that price for sixty days, at the usual commission. It further tended to show that plaintiffs expended near $60 in advertising the property and that they informed defendant of two offers at considerably lower figure than the price fixed by the contract, which were refused. Seven days before the expiration of the time limited, defendant himself sold the property for $63,000, to a party not known to plaintiffs

and brought to defendant by other agents. He informed plaintiffs of the sale and they made no further effort. There was no evidence to show that plaintiffs had a customer ready and able to buy at the price they were to sell, or that they could have found one.

The amount which plaintiffs claim and for which they asked and obtained judgment, was $1650, a sum equal to the regular commission on $63,000.

We cannot determine from the argument by counsel whether plaintiffs prefer to regard their petition as founded on a breach of contract and damages on account thereof, limited in amount by the per cent named in the contract on the price they agreed to obtain, or the price the defendant actually obtained. The petition itself makes claim to the per cent stipulated in the contract, but on the price defendant obtained, and by that pleading we must, of course, consider the case.

It is easily said that if one is guilty of a breach of his contract with another, he must respond in damages; but to determine the measure of that damage is frequently a question of great difficulty. It may be said, in terms to which all will agree, that the measure should be such as will, as near as may be, restore to the injured party all he has lost, and all that he, in reasonable probability, would have gained, and no more. If from the nature of a contract and its breach, the extent of a loss or gain cannot be ascertained—can only be a matter of conjecture—then it would be the injured party's misfortune, which he should have provided against by having required a stipulation for a penalty, or liquidated damages.

Plaintiffs insist in one part of their argument that they are entitled, absolutely, to the sum they would have received as commission had they made the sale that defendant made and at that price. We reject that theory. They did not discover or produce the purchaser who bought of defendant. Neither did they produce, nor were they in negotiation with any one would have

bought, either at the price at which they were to sell, or the price defendant obtained. They have not a case of that class where the owner consummates a sale to a purchaser found by the agent.

There is a class of cases where one party prevents the other from performing a contract which he certainly could perform and, in every probability, would perform, in which the measure of damages would be allowed to reach as high as the contract price. (This is sometimes reduced by what has been earned in other matters, but that need not be considered here.) Thus, an architect, who is prevented by his employer from performing his contract, has been held entitled to a sum not exceeding the contract price as the measure of his damage. [Pond v. Wyman, 15 Mo. 175; Walker v. Lundstrom, 132 Mo. App. 367; Simpson v. Ball, 145 Mo. App. 268.] And to another class belongs that of an attorney who enters upon the service and is wrongfully discharged; it will be presumed he would have performed the service, and the contract price itself would be the measure of damages. [Reynolds v. Clark County, 162 Mo. 680; Kersey v. Garton, 77 Mo. 645; McElhinney v. Kline, 6 Mo. App. 94.] The cases last cited show that they form an exception to the general rule on account of the peculiar nature of the employment and the reasonable certainty that the engagement could and would have been performed if it had not been wrongfully prevented by the other party.

But this case does not belong to either of those classes. There is nothing in the nature of plaintiffs' engagement in this instance to suggest that it would with reasonable certainty have been performed. Within the limit stipulated, they had seven days left in which to find a purchaser who would pay $65,000 for the property. They had not found one in fifty-three days, and there was no evidence tending to show that they would or would not have found one in the remainder of the time. If the contract had continued for seven days longer and they had not made a sale for $65,000, they would not have

been entitled to receive anything; and we cannot discover any reason for saying that in defendant's breaking the contract there thereby accrued a definite loss to them of the fixed sum agreed upon as a commission. If plaintiffs, although not making a sale, had an absolute right to the whole commission agreed upon unless they were given the entire time limited, then, if within five minutes of the end of the last day, when they had no prospect of a purchaser for $65,000, the defendant had sold, they could have claimed to be damaged in the full sum agreed upon, when, in fact, they did not lose anything.

We therefore hold that this case is not of that character and does not belong to that class of cases where a party who is wrongfully discharged may, in treating the contract as performed, recover the contract price as the sole and absolute measure of his damages. It is a case where a party, being wrongfully discharged, may treat the contract as rescinded, sue on a *quantum meruit,* and recover the value of his services and the amount of his expenditures; or he may bring his action for a breach of the contract and recover the actual damages which he has sustained. [Glover v. Henderson, 120 Mo. 367; Mechem on Agency, secs. 621, 622.]

We are, however, cited to the case of Green v. Cole, 127 Mo. 587, as in point and which, it is said, should control the judgment in this case. An examination of the matters involved in that case will disclose that it is not at all like this one in the very features which we think determine this. That case was where real estate agents were to plat into lots, advertise and sell certain grounds in two years. Out of the proceeds of sales they were to pay, first the expenses of sale, then they were to pay the owner $30,000, and then they were to have as their compensation one-half of the balance of the proceeds of sales, regarded as profits. The agents spent six months getting the land in condition, when the owner sold it. The Supreme Court said that the proper measure of

damages, "as applied to the facts in the case," was "the profit" which would have resulted to the agents had they been allowed to complete their contract and the land had been sold by them. The court said that: "The terms of the contract and the fact of the sale take the estimate of plaintiff's loss out of the domain of speculation, and fix with certainty the extent of the gain prevented by the defendant's breach of the agreement. Where the profit to result from such a transaction is certain and definite in amount, and its loss is the necessary and direct result of the breach of contract, there can be no substantial doubt that it constitutes a just and legal standard of recovery."

In that case the fact of a sale aggregating more than $30,000, determined plaintiff's right to compensation and the amount of such compensation. It was assumed by all parties that the land could and would be sold within the 18 months of time left to the agent when the owner sold. There was *no room for reasonable doubt* in that case and there was *no suggestion to the contrary* but that the agents would have sold the land within the time left it if they had not been prevented by the owner. While in this case, it is said, there is scarcely a reasonable doubt but that plaintiffs would not have sold the land at the contract price within the seven days left to them. The court declared in that case that the estimate of the agent's loss at one-half the profits as agreed upon, was taken out of the domain of speculation by the facts of the case; while in this case, it would be the merest conjecture to say, absolutely, so that it would be stating it as a matter of law, that, on account of defendant making the sale, plaintiffs *lost* the sale they were to make, and thereby *lost* the full amount of commission on that sale. The position taken by plaintiffs puts them in fully as good standing and fixes their loss equally as certain, as if they had found and produced a purchaser who would have bought at the agreed price had he not been set aside by defendant.

We therefore conclude that defendant having wrongfully terminated the agency before the time limited had expired, plaintiff may treat the contract as performed; but it should not be assumed that their damages are, as a matter of law, the contract price—that is, the regular commission on $65,000. Such commission, on such sum, being called for in the contract, is *prima facie* the damage. It will be presumed in plaintiffs' favor, as against the defendant, the wrongdoer, that they would have performed the contract within the time. Defendant, by wrongfully committing the breach, should have cast upon him the burden of showing that in all reasonable probability plaintiffs would not have performed the contract within the time yet unexpired, if the breach had not been committed by him. It is an issue of fact for the jury. The theory back of the right to recover the contract price is that by one party repudiating the contract, he has *caused* the other to fail to perform his part. If the other is to fail even though the contract had not been terminated, no damage has resulted. What we have said as to the burden of proof we think is sustained by Pond v. Wyman, 15 Mo. 175; Nearns v. Harbert, 25 Mo. 352; Mechem on Agency, sec. 622. In the first of these cases, after having stated that the burden was on the party committing the breach, the court said: "This we regard as a sufficient concession to the person who has violated a contract by which he was bound to pay a certain price to another, for services to be rendered. The plaintiff, who has been prevented, by the act of the defendant, from receiving the compensation agreed upon, when he is without fault, is entitled to ask a full indemnity, and the *onus* of reducing the recovery, is properly thrown upon the defendant."

Notwithstanding plaintiffs' petition is founded on a theory of recovery which we cannot sustain, we do not think it just to reverse the judgment outright. It may be amended, and the judgment will therefore be reversed and the cause remanded. All concur.