*9 - 364* [392]   *DRURY P. BALDWIN, RESPONDENT, *v.* WIL-
*7 6 - 6 2 2*          LIAM C. BENNETT, APPELLANT.

[1] DAMAGES, MEASURE OF ON CONTRACT.—The general rule as to the measure of dam-
ages, in an action for the breach of contract, is the actual loss sustained. But
where, from the nature of the contract, no possible mode is left of ascertaining
the damage, we adopt the only measure of damages which remains, and that is
the price agreed to be paid.

APPEAL from the Fifth Judicial District.

This was an action brought upon an express contract, to
pay the plaintiff a certain fee for legal services, with a con-
dition that the property in question, the Tuolumne Hydrau-
lic Association Ditch, should be secured to the defendant.
Services were rendered by the plaintiff under the contract,
and pending the litigation, the defendant settled the claim,
and conveyed by deed his interest in the property, without
the advice or knowledge of the plaintiff.

The plaintiff claimed to be entitled to the sum agreed
upon by the parties, and brought suit for it.

The defendant contended that the plaintiff was only en-
titled to recover what his services were worth, without
regard to the contract.

The jury found for the plaintiff $5,000, and judgment
being entered accordingly, defendant appealed.

*H. P. Barber,* for Appellant.

The plaintiff cannot recover on the contract; for, although
he admits in his complaint that his covenant was not per-
formed, he seeks to recover damages. ( 2 Smith's Leading
Cases, 26.)   For the rule of the measure of damages, see 3
Johns. Ca, 297; 21 Wend. 457; 1 Denio, 317, 464, 602, 606;
3 Barb. 424; 7 Hill, 61; 6 Dana, 352; 7 Ib. 472; 8 Dana,
49; 8 Miss. 467; 8 Bing. 14; Pet. C. C. 85; 7 Wheat. 13;

5 Cow. 210; 2 *Ala. 25; 1 McMullen, 106; 1 U. S. [393]
Digest, 522; 1 Chitty Gen. Prac. 871.)  If plaintiff
had wished to retain his right of receiving the same fee. in
case of settlement, he should have made it part of the con-
tract.  (Chitty on Cont. 59; Sedgwick on Damages, 209,
note 5.)

Prevention is equivalent to performance, only for the pur-
pose of giving plaintiff a right of action on the special con-
tract, not as furnishing a rule for the measure of damages.
( 2 Smith's Leading Cases, 30.)

*Halleck, Peachy, Billings & Park,* for Respondent.

An offer to perform an act which is prevented by the
party in whose favor it is to be done, is in law equivalent to
a performance, or rather, is a valid excuse for not perform-
ing it.  (1 Powell on Contracts, 252; 8 Ala. 722; 5 Mod.
230; 2 Gil. 84; 4 Barb. 614; 2 Denio, 609; 2 Cal. 138; 18
Wend. 187.)  The contract was entire, to pay a certain sum,
provided a certain result was accomplished.  While the
matter was in progress, and a successful termination might
have reasonably been expected from the plaintiff's services,
he was prevented from proceeding further by the act of the
defendant.  ( Story on Contracts, § 16, and cases there
cited; *Hutchins* v. *Melbourne,* 2 Cal. 310.)

Mr. Justice HEYDENFELDT delivered the opinion of the
Court.  Mr. Ch. J. MURRAY concurred.

The general rule as to measure of damages in an action
for breach of contract, is correctly given by appellant's
counsel.  It "is not the whole price agreed to be paid, but
the actual loss sustained, which will consist of the value of
the services rendered and the damage sustained by the
refusal to allow performance of the rest of the contract."

To this rule there are, however, some exceptions.  Where,
from the nature of the contract, as in this case, no possible
mode is left of ascertaining the damage, we will have pre-
sented the anomalous case of a wrong without a remedy,

unless we adopt the only measure of damages which remains, and that is, the price agreed to be paid.  Without [394] this, justice would be *defeated, and parties encouraged to violate their contracts of similar character.  The defendant not only breaks his contract, but also deprives the party of showing the amount of injury under the general rule.  He cannot complain that a different rule is invoked, when it is the only one left to make him responsible for his want of good faith.  This reasoning was adopted in a case precisely similar, by the Supreme Court of Alabama.  (See *Hunt* v. *Test,* 8 Ala. 713.)

Judgment affirmed.