## COFFEE vs. MEIGGS.

*Twelfth Judicial District Court, October, 1857.*

### BREACH OF CONTRACT—DAMAGES.

Where a contractor is prevented by his employer from doing a certain act which he had contracted to perform, in an action by the former to recover the contract price, he is entitled to the whole contract price, if proof cannot be adduced to show what the cost or profit would actually have been.

Full reference to the pertinent facts of the case, is made in the opinion. On motion for a new trial.

*J. Satterlee,* for plaintiff.

*S. M. Bowman,* for defendant.

NORTON, J.—This action is brought by the plaintiff, Coffee, to recover the amount specified in a contract, made between him and the defendant, by the terms of which, Coffee was to make such alterations in the engine of a steam boat, belonging to defendant, that she would make twelve knots an hour. The nature of this alteration was not specified, being left entirely to the discretion of the plaintiff, who was to do something to produce the above result upon her speed, for attaining

which end, he was to receive $1000. It was in proof that the defendant interrupted Coffee in the execution of the contract, and prevented his terminating it.

Ordinarily, a person who contracts to perform a particular piece of work, such as the building of a house, the grading or paving of a street, or anything else, the cost of which can be ascertained, and who is prevented by his employer, doing or completing the work, is entitled to recover the profit he could have made. But in a case like the present, where no particular thing is contracted to be done, but only a result to be produced; where the mode and manner of doing the work, and the materials to be used, depend entirely upon the judgment and discretion of the contractor, and where his peculiar skill and knowledge, and personal handiwork, may be the main elements to be employed, and in consequence thereof it is impossible to prove by witnesses what the cost, or profit, would be, the rule of damages is the contract price, within the principle decided by the Supreme Court of this state, in the case of Baldwin vs. Bennett. 4 *Cal. Rep.* 392.

There might be some question whether the defendant was, or was not, justified in preventing Coffee from proceeding with the alterations, inasmuch as it appeared that the latter was about to destroy, or at least to injure, to a considerable extent, a valuable pipe, connected with the engine, but the jury were only asked to find upon the fact of interruption, the defendant declining to raise a question as to the right to interfere under the circumstances, and hence I cannot see any good ground for disturbing their verdict.

New trial denied.