COFFEE *v.* MEIGGS *et al.*

Where from the nature of the contract it is not practicable to ascertain the amount of damages sustained by a breach of contract, the measure is the price agreed to be paid.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

A statement of the facts appears in the opinion of the Court.

*S. M. Bowman* for Appellant.

The plaintiff made no proof of the value of the work done, nor for any damages sustained. He cannot claim the whole contract price. Sedgwick on Damages, 222; Clark *v.* Mayer, 4 Com., 338; Freeman *v.* Clute, Barb. S. Ct., 424; Marston *v.* The Mayor of Brooklyn, 7 Hill, 73. Reynolds *v.* Jordan, 6 Cal. R., 108, is in point.

*John Satterlee* for Respondent.

The only point really in this case, is the rule of damages laid down by the Court. In such a case as this, the rule or measure of damages is the price agreed to be paid.

The contract was not to build a steam-engine or boiler of certain materials and certain capacity, the cost and expenses of which any builder of engines and boilers, or competent engineer, could exactly estimate. It was not to build a steamboat of certain dimensions and materials, the cost of which any ship-carpenter could exactly ascertain. It was not to build a house according to certain plans and specifications, which any

architect or house-builder could accurately calculate, but it was "to make such alterations and repairs in the steamer Resolute as he (the plaintiff) might deem necessary, so as to make the boat and boiler and engine perform in a certain manner." If he could succeed in accomplishing the object aimed at, within six days from the date of the contract, the defendants were to pay him one thousand dollars. If he failed, he was to "forfeit all claims for services and materials."

It is impossible for anybody to tell what it would have cost plaintiff to perform the work—impossible to tell what profits he could have made. Only a part of his plan of alterations was disclosed; only a part of what he intended to do was done. So far as he went, his alterations were an improvement. Nobody can tell but that when his men stopped work, he had made all the alterations and repairs which he intended to make, except what he intended to perform with his own hands. The alterations and repairs contemplated by the plaintiff, he was not bound to disclose. That was his secret. His skill, knowledge, and experience, were his capital upon which he relied, and took his risk.

Indeed, he was not bound to prove that he could have succeeded. He was entitled to the opportunity to try.

There is, therefore, no mode of ascertaining the damages of the plaintiff, except by adopting the contract price as the measure. See Judge Norton's opinion in this case; 1 Labatt's Dist. Court Reports, p. 248 ; see, also, particularly Baldwin v. Bennett, 4 California Rep., 392; see, also, Byrd v. Boyd, 4 McCord, 246.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., and FIELD, J., concurring.

Plaintiff was employed by defendants to make certain alterations on a steam-engine, defendants agreeing, in the event that a certain result was attained by such alterations, they would pay the plaintiff one thousand dollars; plaintiff to forfeit all compensation for labor or materials if the alterations did not produce the desired result.

The nature and extent of the alterations were left entirely to the option of plaintiff.

In the progress of the work, plaintiff attempted to remove a certain copper pipe belonging to the engine, for the purpose of making alterations in it, but was prevented by defendant; plaintiff then abandoned the work.

Plaintiff had judgment below for the full amount named in the contract, and defendants appealed.

In Baldwin v. Bennett, 4 Cal., 392, it was held that where, from the nature of the contract, it is not practicable to ascertain the amount of damages sustained by a breach of contract, the measure is the price agreed to be paid.

In this case, it is impossible to arrive at the precise amount of damage sustained by plaintiff; if the nature, extent, and probable cost of the alterations contemplated by him were known, then the measure would be the difference between such cost and price agreed to be paid. But as there was no evidence on this point, the rule adopted by the Court below was the only one applicable to the contract.

Judgment affirmed.