# JOHN GLASPIE *vs.* WILLIAM F. GLASSOW.

## July 23, 1881.

**Contract—Performance prevented by Defendant—Measure of Damages.**—The complaint sets forth a written contract, by which plaintiff agreed, within a specified time, to drive into the boom at Stillwater all logs of defendant of a certain mark, amounting to 830,000 feet, then landed on the bank of Kettle river, for which defendant agreed to pay him 75 cents per thousand feet as soon as the logs should be driven into the boom, and all liens for laborers' wages paid. The complaint alleges full performance by plaintiff, and claims the full contract price. The answer denies performance by plaintiff, alleges a rescission of the contract, and that defendant drove all the logs himself. On the trial plaintiff made a *prima-facie* case, by proof that, within the time, he drove all the logs which, when he came along with his drive, were landed on the bank of the river. Defendant proved that, before this, he drove the greater part of the logs himself. The jury found there was no rescission of the contract. *Held*, that plaintiff was entitled to at least nominal damages. Also that, although plaintiff was prevented by defendant from fully performing the contract, the contract price was not the measure of damages; but that the proper measure of damages was the difference between the contract price and what it would have cost plaintiff to perform, together with any sums he may necessarily have expended, before he knew of defendant's refusal to abide by the contract, in making preparations to perform, and which sums have been necessarily lost to him by defendant's breach of the contract, the whole damages not exceeding the contract price.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial.

*W. H. Grant* and *William Barrett*, for appellant.

*McCluer & Marsh*, for respondent, cited *Baldwin* v. *Bennett*, 4 Cal. 392; *Coffee* v. *Meiggs*, 9 Cal. 364; *Hunt* v. *Test*, 8 Ala. 713; *Miller* v. *Ward*, 2 Conn. 494; *Dodge* v. *Rogers*, 9 Minn. 209 (223;) *Danley* v. *Williams*, 16 Wis. 581.

GILFILLAN, C. J. On March 29, 1879, plaintiff and defendant entered into a written contract, whereby plaintiff agreed, within a specified time, to drive or cause to be driven into the boom at Stillwater all logs of defendant of a certain mark, amounting to 830,000 feet, and then landed on the bank of the Kettle river, for which defendant agreed to pay him 75 cents per thousand feet when the logs should be driven into the boom, and all liens for laborers' wages for driving logs satisfied. Plaintiff brings this action, alleging full performance of the contract by him, claiming compensation at the contract rate for driving the whole 830,000 feet of logs. The answer denies performance by plaintiff; alleges a rescission of the contract by mutual consent, and that defendant drove all the logs, and paid all the men for doing it. On the trial it appeared, by evidence introduced by the defendant, that, before the expiration of the time specified in the contract, the defendant drove the greater part of the logs, so that when plaintiff, with his men, came along the stream for the purpose of driving the logs, there were only a few scattering logs of defendant for him to take along in his drive. These few he drove within the specified time into the boom, and satisfied all liens for driving them. The verdict establishes that defendant drove the logs without any rescission of the contract, or the consent of the plaintiff. The case is therefore one where the plaintiff was prevented by the defendant, without just cause, from fully performing his contract.

The court refused to instruct the jury, on defendant's request, that if the contract was not rescinded, and if plaintiff was prevented from driving the logs pursuant to the contract, the action cannot be maintained; that it should have been for a breach of the contract. The court instructed the jury, in substance, that if the contract was not rescinded, and if plaintiff performed it in part, but was prevented in

the final performance of it by acts of the defendant, the measure of damages should be the full contract price of 75 cents per thousand feet for 830,000 feet. This defendant excepted to.

The point of the request seems to be that the allegation of full performance in the complaint is not sustained by the facts that plaintiff was ready and offered to perform, but was prevented by defendant; and this is true. But inasmuch as the fact that the plaintiff did not fully perform the contract, because prevented by the defendant, is presented by the answer and the evidence on the part of the defendant, he could not complain that the plaintiff should be allowed to recover, notwithstanding it is not alleged in the complaint, if the facts themselves would justify a recovery. But without proof of other facts—of facts that were not alleged in the complaint or the answer, nor proved by either party—the plaintiff could not recover substantial damages. As, however, the facts proved, (if the contract was not rescinded,) and also the facts included in the request, made out a breach of the contract by defendant, and consequently a cause of action in plaintiff proved without objection by defendant, the plaintiff might have a verdict for nominal damages. The request was therefore incorrect.

The charge was erroneous. The theory upon which the complaint was drawn, and which the court adopted in its charge, was that in such a case the readiness and offer to perform, performance being prevented by defendant, is, for the purpose of fixing the measure of damages, equivalent to full performance; that is, if A agrees with B to do certain work for him for an agreed price, and offers to do it as agreed on, but is prevented by B, he may recover the agreed price without having done any part of the work. This is contrary to the general principle which underlies all the rules for determining the measure of damages. That principle is that, when a wrong is done, the party wronged should be indemnified by the wrong-doer to the extent of the injury done, and no further. The rule allowing punitive damages in certain cases is the only recognized departure from this principle. The end sought to be reached by the rules governing the allowance of damages for a breach of contract is to put the injured party in the same situation as a performance of the contract

would have placed him in; that is, to repair, so far as can be done by an allowance in money, the loss he has sustained by the breach. The rule adopted by the court in this case has no reference to this end. The contract price may be vastly greater than the actual loss from the breach. What it would have cost plaintiff to perform on his part is not taken into account. No presumption as to the extent of the loss can arise from the price alone. In the case of hiring for a specified time and price, when the party hired has held himself in readiness to render the specified services during the time, but has been prevented by the hirer, the presumption is that the loss of the party hired is the contract wages from the time he so held himself in readiness,—a presumption which may be removed by proof of what, during the time, he did earn, or with proper diligence might have earned elsewhere. This presumption rests on the fact that he is supposed or has shown himself to have held, subject to the call of the hirer, his time and services—all that he is to put into the performance of the contract. But in this case the fact was not proved, and it cannot be presumed, that the plaintiff had expended, in preparation to perform his contract, what it would have cost him to perform it.

Where, as was the case in *Baldwin* v. *Bennett*, 4 Cal. 392, and *Coffee* v. *Meiggs*, 9 Cal. 364, the contract is to do a particular thing for a specified price, and there is no possible way of ascertaining the damages except by taking the price as the measure of them, it may be that, to avoid a failure to do right to the injured party, it would be proper to adopt the price as the measure. Such a case could rarely occur, and it certainly is not this case. The correct amount to allow the plaintiff for his damages in this case is the difference between the contract price and what it would have cost him to perform it, together with any sums he may necessarily have expended, before he knew of defendant's refusal to abide by the contract, in making preparations to perform it, and which sums have been necessarily lost to him by defendant's breach of contract,—the whole damages not to exceed the contract price.

Order reversed, and new trial ordered.