ALPHA T. DUNN and another *vs.* PERCIVAL BARTON.

May 2, 1889.

Contract—Prevention of Performance—Damages.—Findings of fact examined, and *held* to be insufficient to justify the judgment ordered by the trial court and entered thereon.

Appeal by defendant from a judgment of the municipal court of St. Paul in favor of the plaintiff James M. Hutchinson. The complaint alleges a written contract between the plaintiff Dunn and the defendant, by which the former agreed to do certain cement-work

and plastering for the latter, at the agreed price of $125 for the cement-work and specified rates per yard for the plastering. It further, alleges full performance of all the work and acceptance by defendant, except that defendant prevented Dunn from doing part of the cement-work, which he was willing and ready to do. It also alleges an assignment to plaintiff Hutchinson of the amount due Dunn under the contract, and demands judgment for the contract price, less payments made. The answer alleged, among other things, full payment for the work actually done, and a counterclaim for damages for inferior work, etc. The action was tried by the court, who found the allegations of the complaint to be true, and ordered judgment against defendant for $90.73, including the amount unpaid of the contract price of the cement-work.

*S. C. Olmstead,* for appellant.

*Hutchinson & Pike,* for respondents.

COLLINS, J. It is admitted in the complaint herein that the written contract between plaintiff's assignor and the defendant, a copy of which is made a part of the pleading, was not fully completed, because it is alleged the defendant refused to allow the work (cementing a cellar for a stated sum of money) to be finished. There is no averment in the pleading under which plaintiff could be permitted to show the difference between the contract price and what it would have cost his assignor to have performed the contract, together with such sums of money as the contractor had expended for materials which had gone into the work prior to defendant's refusal to allow it to proceed; nor was there any finding whatsoever upon the amount of damages suffered by the contractor by reason of defendant's conduct. The court below evidently held the contract price to be the measure of damages, and ordered judgment accordingly. This was erroneous. *Glaspie* v. *Glassow,* 28 Minn. 158, (9 N. W. Rep. 669;) *Pevey* v. *Schulenburg, etc., Lumber Co.,* 33 Minn. 45, (21 N. W. Rep. 844.) The findings were defective in this regard, and a judgment based upon insufficient findings cannot be sustained. *Benjamin* v. *Levy,* 39 Minn. 11, (38 N. W. Rep. 702,) and cases cited. It is quite apparent from the evidence that but few dollars are involved in this appeal, for the plaintiff's assignor had nearly completed the work

upon the cellar when ordered to desist by defendant. For that reason we are of the opinion that the prevailing party should not be allowed statutory costs in this court; and it is so ordered.

Judgment reversed.

NOTE. A motion for reargument of this case was denied May 11, 1889.