Spear, C. J.
Objection is made by defendant in error that the bill of exceptions in the record does not contain and does not purport to contain all the evidence given at the trial, and that therefore there is nothing in the record that a reviewing court can review. We think the conclusion does not follow. There appears to be enough in the bill of exceptions to raise the questions of law which are sought to be raised, although the bill is not of such character as to warrant a review of the case upon the evidence.
The principal error urged in this court relates to the charge of the court to the jury. Among other instructions the court gave to the jury the following:
• “As there is no question made as to the plaintiff’s right to sue or that the services were ren *430 dered }mu will direct your attention as to what if any agreements were made between the plaintiff and the defendant as to the amount of compensation for the first and third items and as to the second item as to whether the plaintiff abandoned the collection or whether the defendant took it out of his hands.
“If you believe from the evidence that the plaintiff performed' for, or rendered to the defendant legal services and that there was an agreement between them either before or after they were performed as to the price of compensation for such services then the plaintiff has a right to recover for. such services at- the agreed price and no other. If the defendant took a claim out of the plaintiff’s hands without giving him a reasonable opportunity to collect the same he is entitled to recover the agreed price on the sum collected by the defendant or any other person.
“If a client employs an attorney of a specific action, that is an entire contract. And if you find that the attorney broke the contract himself or acted in such a manner as to make the relation of attorney and client no longer possible, you must find that the attorney is not entitled to any compensation for such items of service.
“On the other hand, if you find that the plaintiff rendered services to the defendant at his request and that that service was of value to him you can take into consideration in that matter the nature of the services or benefits that he has derived therefrom, or might have derived therefrom, also the amount involved in fixing the amount if you find that the plaintiff is entitled to recover.”
*431 In at least three particulars we think the foregoing embodies erroneous instructions. The record shows nothing to justify the statement to the jury that there is no question but that the services were rendered. The answer admits that some services were rendered, but it does not admit that the services claimed by the plaintiff to have been rendered were in fact'rendered. The petition is so general in its terms as to give no information respecting* plaintiff’s, claim other than that he rendered service as an attorney of the value of three hundred dollars. The answer is scarcely more definite, but it is definite enough to put in issue the demand of the plaintiff and put the plaintiff to his proof. It is not to be assumed, therefore, in support of the charge, that there was evidence given at the trial as to any admission by defendant with respect to the rendering of service inconsistent with the answer. Therefore the court should not have said to the jury that there was no question made that the services were rendered.
2. Referring to the pleadings and the statement in the bill as to the evidence, it is ■ clear that the testimony respecting the Toohy claim was a manifest variance from the petition, that pleading being a statement of a demand for services rendered and the testimony respecting the Toohy claim tending to support a declaration for a breach of contract by which plaintiff was prevented from rendering service. Such evidence was clearly inr competent, but the question of error as to that feature of the case seems not to have been saved. It is adverted to here because it seems to throw" light upon the entire proceeding.
*432 ■' The court’s instruction that if the defendant took a claim out of the plaintiff’s hands without giving him a reasonable opportunity to collect the- same he is entitled to recover the agreed price on the sum collected by the defendant or any other person is not, we think, an accurate statement of the law. The case .made’by the record presents a new question, one not .exactly paralleled by any case to which our attention has been called. The case is differentiated from many to be found in the books where attorneys have been discharged after entering upon the work by the fact that in this case no service had been rendered while in the other class of cases the attorney had rendered service and was allowed to recover on a quantum meruit. It is held in French v. Cunningham, 149 Ind., 632: “It is well" settled that, where the complete performance of an attorney’s service had been rendered impossible, or otherwise prevented, by the client, the attorney may as a rule recover on a quantum meruit for the services rendered by him,” citing numerous authorities. Also, that, “if the compensation agreed upon is contingent on the successful result of the suit, the measure of damages is not the ’.contingent fee, but the reasonable value of the ■services rendered,” citing additional authorities. The court adds: “But, whatever may be the rule as to other contracts, the rule as to contracts employing attorneys, is as we have shown, that if the same is broken by-’ the client the attorney may recover on a quantum meruit for the reasonable •value of the services, or he may sue on the contract. and recover damages for its breach.” The latter observation seems to have in view the loss *433 by the attorney of whatever-value there is in-the' contract and to indicate that he may, by a suit for the breach, recover whatever damage he can prove he suffered including the loss of a valuable contract.
The question we have is by no means without its difficulties. It seems, as before stated, to be practically new so far as the books are concerned, although there are cases which possibly reach it in principle. It is not proposed to enter upon a review of all the cases treating of the general question, but a brief reference to a few may be useful.
Hochster v. De Latour, 20 E. L. & Eq., 157, was an action by a courier on a contract of employment for three months beginning June 1, 1852, for specified monthly wáges. Averment of readiness and willingness to enter upon the employment and perform the service. Breach that defendant, before said first of June, discharged the plaintiff and wholly broke and put an end to his promise. Held, that after the refusal by defendant plaintiff was entitled to bring action immediately, and that the jury might take into account all that had happened to the day of trial to increase or mitigate the loss.
Howard v. Daly, 61 N. Y., 362, approaches our case closely. The plaintiff was an actress and made a contract with Daly, a theatrical manager, to perform at the Fifth Avenue theater, for the season commencing September 15, 1870, and ending July 1, 1871, at a stipulated salary per- week. She was ready and willing to perform on her part, but the defendant repudiated the contract and refused to allow plaintiff to enter upon the service. *434 It appeared that she had endeavored to obtain like employment at other theaters, but failed. The opinion is exhaustive and able, reviewing a great number of decisions. The holding is that plaintiff’s remedy was not an action for wages but for damages for breach of contract and that the damages were prima facie the amount of the wages for the full term.
In Baldwin v. Bennett, 4 Cal., 392, which was for breach of contract with an attorney for legal-services for an agreed compensation, where the client settled the claim without knowledge or consent of plaintiff, a recovery for the contract price was had, the court holding: “The general rule as to the measure of damages, in an action for the breach of contract, is the actual loss sustained. But where from the nature of the contract no possible mode is left of ascertaining the damage, we adopt the only measure of damages which remains, and that is the price agreed to be paid.”
Coffee v. Meiggs, 9 Cal., 363, was a suit brought to recover damages for the breach of an agreement to employ plaintiff to make certain alterations on a steam engine, he to furnish all material; the compensation to be $1,000 provided the alterations produced the desired result-; otherwise nothing. In the progress of the work the defendant stopped it. Plaintiff had judgment for the amount named in the contract. This judgment was affirmed, the court following the case in 4th California, supra, and holding that: “Where, from the nature of the contract it is not practicable to ascertain the amount of damages sustained by a *435 breach of contract, the measure is the price agreed to be paid.”
Kersey v. Garton, 77 Mo., 645, was a suit for attorney’s fees. Plaintiff was employed by defendant to bring suit for certain land for a fee contingent upon success. The suit was brought and. was being prosecuted when defendant refused to have the cause proceed. Plaintiff had judgment. This judgment was affirmed, the court holding that: “If an attorney is' prevented by his client from completing his employment, he will be entitled to recover his fees as if the contract was fully performed.”
Webb v. Trescony, 76 Cal., 621, was for attorney’s fees. Plaintiff was employed to defend certain suits at an agreed compensation of $950. Plaintiff appeared and did all things necessary for over a year when defendant discharged him. Plaintiff recovered $950 and costs. This was affirmed, the court following earlier cases and holding that: “When an attorney at law is employed to defend certain suits' at an agreed price,- and is discharged from employment without cause before the suits are concluded, having fully performed the contract upon his part until discharged, the measure of damages for breach of the contract of employment is the full contract price agreed upon by the parties.”
After considerable reflection, and search of authorities, the majority of the court is led to the-conclusion that a cause of action accrued to plaintiff, for breach of contract, so soon as the claim was wrongfully taken out of his hands. If, then, at the trial, he established that the account was a *436 collectible'-claim, á right to recover followed, and that right did not depend at all on whether the claim was afterward in fact collected by some one else. ■ Proof of such fact might establish the collectibility of the claim, but it was not essential to plaintiff’s right to recover. Then, what was the measure?- No rule seems wholly free from objection. The attorney had performed no service; hence the rule of 'quantum meruit does not apply; nor does it appear that the defendant had been in any way benefited. But the value of the attorney’s anticipated services had been fixed by the agreement of the parties. In the absence of any other ascertained rule of damage why may not this sum be taken as the one nearest in contemplation of the parties, and the one nearest a fair solution? The majority think it is, and that a recovery on that basis, properly ascertained, might attain a result not involving injustice and at the same time afford reasonable recompense to the party who, by the wrong of the other party, has lost the advantage of a valuable contract. Contracts such as the one before us are in their nature dissimilar from the ordinary contract of employment. Peculiar and confidential relations are often formed, and it not infrequently happens that in the relations thus brought about the attorney obtains private information respecting his client’s business which he may not afterwards divulge. This consideration would prevent in some cases which might be easily supposed, the discharged attorney from taking employment from the opposite party. Such instances would be rare, still they occasionally occur, and a rule of damage which would entirely ignore *437 this consideration would hardly meet with general approval. These considerations, and the fact of the impracticability of ascertaining a satisfactory measure of damage sustained by the attorney from such breach differentiates the case presented from that involved in a case of ordinary employment, and. it is believed, justify fixing the measure of damages at the rate of compensation agreed to be paid.
3. The instruction that in case the jury should find that the plaintiff was entitled to recover for services, the jury might take into account the benefits defendant might have derived therefrom, is also erroneous. This instruction introduces the element of speculation, guesswork that is, and is necessarily misleading and prejudicial. Haish v. Payson, 107 Ill., 365.
The judgments below will be reversed and the cause remanded.

Reversed.

Davis, Price, Johnson and Donahue, JJ., concur. Shauck, J., concurs in the reversal of the judgment and in the second paragraph of the syllabus.