# B. F. YEATES AND ANOTHER, DOING BUSINESS AS YEATES & SON v. MARGARET A. YOUNG.[1]

November 10, 1921.

No. 22,436.

**Municipal court had jurisdiction.**

1. The complaint was for a money recovery well within the amount for which the municipal court may give judgment, and the answer did not plead a defense requiring the interposition of a court of equity before being available as such in a court of law, hence the court had jurisdiction to determine all the issues in the case.

**Appeal and error — reversal of judgment for defect in record.**

2. A judgment will not be reversed for the failure of the judgment roll to show that the reply served has not been filed, when the record indicates that the trial was conducted as if the reply had been filed.

**Finding sustained by evidence.**

3. The finding that, under the employment, plaintiffs were authorized to buy the coal and incur the necessary expense to run defendant's apartment building has ample support.

**Finding based on conflicting testimony affirmed.**

4. The finding that plaintiff's contract was terminated wrongfully by defendant was upon conflicting testimony and cannot be disturbed.

**Damages not uncertain nor remote.**

5. The damages flowing from a breach of contract were not so uncertain, contingent or remote as to preclude an award therefor to the party injured.

**Breach of contract — damages reduced by expenses necessary.**

6. Where a party claims unearned commissions as damages for breach of a contract under which the same were to be earned, the amount of such commissions must be reduced by what it would have cost by way of labor and expense to earn them had the contract not been breached.

[1] Reported in 185 N. W. 257.

Action in the municipal court of Minneapolis to recover $246.47 for breach of contract and expenses incurred. The case was tried before Baldwin, J., who when plaintiffs rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiffs. Defendant's motion for judgment notwithstanding the decision or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed with directions.

*Margaret A. Young,* pro se.

*Thompson, Hessian & Fletcher,* for respondents.

HOLT, J.

Plaintiffs are rental agents, and, during the year previous to November 1, 1917, were employed by defendant to manage, let and collect the rents for an apartment building owned by her in Minneapolis. They were to receive 5 per cent out of the rents collected, for their services. Accounts were sent to defendant monthly with a check for the balance left, after deducting the commission and the operating expenses. With the account for October, 1917, the last month of their first contract, and a check of $228, the balance for that month, plaintiffs sent her a letter, highly commendatory of the efficient and economical management they had given and requesting a renewal of their engagement. In response, defendant came to their office and a new contract was signed by her, employing them for the year beginning November 1, 1917.

When the November account arrived it inclosed a remittance of $60 as the balance over commissions and operating expenses, and the balance remitted with the December account was less than $75. Defendant thereupon took the management of the building from plaintiffs. They brought this action to recover damages for the breach of the contract, and for moneys paid out in operating the building. Defendant answered, alleging that she was induced to sign the contract by means of false and fraudulent misrepresentations of plaintiffs that the building had been economically managed, and that all the bills for the preceding year had been paid, also that plaintiffs were to exercise due and reason-

able diligence in managing the building, which they failed to do, and by reason thereof she resumed control in January, 1918. She also denied the allegations of the complaint in respect to disbursements sought to be recovered for coal and other expenses incurred by plaintiffs under the contract. The court made findings that defendant had no just cause for terminating the employment, awarded damages for breach of the contract in the sum of $132, and allowed most of the items claimed in the complaint for expenditures made by plaintiffs in defendant's behalf, less $72 of the January, 1918, rents, which plaintiffs had collected but not included in the accounts rendered. Defendant appeals from the judgment.

There is nothing to the claim that the municipal court did not have jurisdiction. The complaint states an action at law for breach of contract and the recovery of certain expenditures made for defendant under the contract. The total sum demanded was well within the amount which the court has power to give judgment for. The answer does not set forth a defense which requires affirmative relief from a court of equity before being available as such in an action at law. If it be established that this contract was obtained by misrepresentation or fraud, or if it be shown that plaintiffs were remiss in the performance of their services, defendant would have just cause to terminate the contract and a perfect defense to any claim for damages for its alleged breach. There was no counterclaim and no facts stated in the answer calling for the exercise of equitable powers by any court.

The reply seems to have been served, but was not filed. The trial proceeded as if it had been duly filed. It is too late to make the point in this court that defendant should have judgment for want of reply.

The court found that, under the authority of defendant, plaintiffs had paid out $178.37 for coal and other supplies for the building. This finding is sustained by the evidence to such an extent that we are not warranted in disturbing it. Much is made of the fact that the first agreement recited that, in consideration of their "renting and managing" the property, plaintiffs were to receive 5 per cent of the rent collected, whereas in the renewal the word "managing" is dropped. Hence it is claimed plaintiffs had no authority to buy coal or incur other op-

erating expenses pertaining to the renting of the building. The parties undoubtedly construed the last contract to require plaintiffs to not only make leases and collect rents, but to purchase the needed supplies and manage the building as during the previous year. The compensation was the same. And, what is more, defendant pleads that plaintiffs were to exercise due diligence in handling the property, and that, because of their failure, an excessive amount of coal was burned during the first two months of the last employment.

Had the court accepted defendant's testimony, good cause for her termination of the contract could well have been found, and that would have defeated plaintiffs' recovery of damages for the unearned commissions. But plaintiffs denied that any false representations were made when the contract was renewed, and, while admitting that some poor coal was purchased in November and December, 1917, offered as an excuse that there was then a coal shortage and difficult to obtain coal of any kind. We are not justified in holding the evidence insufficient to sustain the finding that defendant, "without just cause," took the management of the building and the collection of the rents thereof away from plaintiffs.

Defendant questions the right to the damages for unearned commissions, on the ground that they are uncertain, contingent and remote. This claim is not sustained. The commission was based upon the rents collected from an apartment building. It was during a period when there was little probability of lack of tenants. The building had been operated for some time. The evidence of the rents collected for the 10 months preceding and the 10 months succeeding the breach, was definite, and showed clearly that the whole amount was certain to a marked degree. It is more so than the probable profits in Schumaker v. Heinemann, 99 Wis. 251, 74 N. W. 785; Pittsburg Gauge Co. v. Ashton Valve Co. 184 Pa. St. 36, 39 Atl. 223, and Wells v. National Life Assn. of Hartford, 99 Fed. 222, 39 C. C. A. 476, 53 L.R.A. 33, where damages were predicated upon testimony showing what the past business had been.

Defendant also raises the point that the damages awarded are excessive and not warranted by the proof. There is substance to the conten-

tion. Obviously the court computed the damages at 5 per cent of the rents for the 10 months, deducting nothing for the work and expense of performance. Plaintiffs were relieved of that burden for the unexpired term of the contract, and the compensation or damages should be reduced accordingly. This is not a case of a wrongful discharge of a servant whose whole time was devoted to the service, in which case, unless he procures other employment, the wage furnishes the measure of damages for the unexpired part of the term. Here plaintiffs themselves did not do the work, but had an office force to perform these and like services for others. It is a case where the damages recoverable should be the net profits, and not the gross profits, as here allowed. In Wells v. National Life Assn. supra, the court says, with reference to the recovery of unearned commissions coming through the work of other agents after the defendant breached its contract with plaintiff, "some deduction must necessarily be made on account of the fact that he could incur no current expenses, nor render any personal service, in the procurement of this insurance thus obtained by the defendant through its other agents and agencies." On the findings plaintiffs were entitled to the unearned commission for the unexpired part of the year, less the expense or cost of securing tenants, collecting the rents and performing what was required of them had the contract remained in force. The measure of damages for wrongfully terminating an incompleted agreement, is the price fixed for a full performance, less what it will cost to complete it. Glaspie v. Glassow, 28 Minn. 158, 9 N. W. 669; Silberstein v. Duluth News-Tribune Co. 68 Minn. 430, 71 N. W. 622. Indeed, in Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23, the court went so far as to hold that, unless the allegations showed that the cost of performance was less than the compensation to be received, no cause of action for substantial damages for breach of the contract was stated.

For this reason the $132, awarded as damages for wrongfully terminating the employment, must be held excessive and not warranted by the testimony.

None of the other matters complained of require mention.

The judgment is reversed and the cause remanded, with direction to

the court below to grant defendant a new trial solely on the issue of the amount of damages recoverable on account of the wrongful termination of the contract.

Reversed and remanded with directions.