MARGARET A. YOUNG v. B. F. YEATES AND ANOTHER.[1]

November 10, 1922.

No. 23,106.

**Judgment notwithstanding.**

1. Where there is no motion for a directed verdict, judgment non obstante cannot be granted.

**No review on appeal of refusal to strike out answer as sham, in absence of proof.**

2. A refusal to strike parts of an answer as sham will not be considered on appeal, when it appears that no evidence was offered to prove the allegations claimed to be sham.

**What must be proved in action against agent for neglect to follow instructions.**

3. In this action by the owner of a building to recover from her agents, employed to manage the same, damages for their negligence and failure to follow instructions, it was incumbent on plaintiff to prove the misconduct alleged and also that she sustained loss therefrom.

**Error in charge not prejudicial to plaintiff.**

4. There was no evidence adduced of loss because of apartments being without tenants. As to two apartments vacated, liability for rent

[1]Reported in 190 N. W. 791.

still subsists against the tenants, and as to the third the evidence fails to show that the apartment remained vacant after the tenant moved. Because of this lack of proof, the error in the charge in submitting this item to the jury could not harm plaintiff.

## Rulings on evidence relating to use of coal correct.

5. The court correctly ruled out plaintiff's testimony as to coal used during years other than the one in question, and rightly took from the jury the item of loss for the alleged excessive amount of coal used.

## Disallowance of damages justified.

6. Damages for disobeying directions to buy coal from a certain firm and windows from another were properly submitted and the evidence justified the jury in disallowing the same.

## Refusal of inapplicable instruction not prejudicial.

7. No error can be based on refusing an instruction, even though correct, if not applicable to the issues.

## New trial denied.

8. No errors entitle plaintiff to a new trial.

Action in the district court for Hennepin county to recover $1,447.15. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendants. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Margaret A. Young*, pro se.

*Roberts & Strong*, for respondents.

HOLT, J.

Plaintiff is the owner of an eight-apartment building in Minneapolis. Defendants are rental agents. By a written contract defendants were authorized "to rent, sign leases, collect and receipt for all rents and to take full charge of all matters pertaining" to the building for one year from November 1, 1916. They were to retain 5 per cent of the rents collected for their services. The writing provides that the agents exercise due and reasonable diligence in all matters, which is no more than the law exacts in the absence

of such a clause. Defendants took charge off the building as agreed, bought fuel, paid the janitor, made leases, collected the rent, and remitted to plaintiff each month the amount collected less disbursements and their fees with a statement of account. At the end of the year, a new contract was given defendants. But after two months, plaintiff, without cause, breached it, as found in Yeates v. Young, 150 Minn. 274, 185 N. W. 257. At about the time this last case was on trial, plaintiff brought the present action to recover damages on account of various delinquencies which she alleges defendants to have been guilty of during their employment under the first contract. The answer was a general denial, except the employment, and also a plea of former adjudication in the action of Yeates v. Young, before mentioned. Plaintiff moved to strike as sham the answer of prior adjudication. The motion was denied. It was renewed at the trial with the same result. The jury returned a verdict for defendants, and plaintiff appeals from the order denying her motion in the alternative for judgment or a new trial.

In no event could the court below consider the motion for judgment non obstante, for no motion for directed verdict was made, and had one been made it could not have been granted. We have to confine our decision to errors assigned on the refusal to grant a new trial.

That the court refused to strike as sham and frivolous the parts of the answer alleging a former adjudication as a defense is now of no consequence, for no evidence was offered on that issue. The question sought to be raised in this court will be passed as moot.

It matters little whether the damages herein were asked because of the negligence of defendants in the work they agreed to do, or because of nonfeasance or malfeasance of their duties as agents. The burden was on plaintiff to prove that defendants had disobeyed orders or negligently discharged their duties under the contract of employment, and further the damages or loss plaintiff sustained therefrom. Unless damages were shown no recovery could be had.

The complaint charged negligence or disobedience of instructions and damages in these respects: That defendants failed to rent certain apartments and failed to obtain written leases from tenants so

that plaintiff lost $678 from apartments that stood vacant; that $128 were lost because they did not collect the rent from a tenant; that they failed to supervise the janitor so that excessive amounts of coal were used to her damage of $251.17; that she had a contract from a fuel firm to furnish coal to April 1, 1917, for $5.10 per ton, but that defendants, contrary to direction, bought from other dealers at higher prices and neglected to procure porch windows from the party she directed; all to her loss in at least $75. There is also an allegation of damage because all bills for supplies had not been reported to her, but since no attempt to prove any loss whatever on that account was made no further reference will be made to this grievance.

The action is to recover damages in part on account of disbursements made by defendants for plaintiff while acting as agents. These disbursements had apparently been ratified by plaintiff, for statements of the same had been rendered her monthly as the items were paid out of the rents collected and no serious objection had been raised until a long time after the statements were received. To go back of these supposed settlements plaintiff should prove a fairly clear case.

First as to the loss of the rents. A tenant Lorenz occupied apartment 4 under a lease when defendants took charge. He moved out without notice before the lease expired and left the state. There is no evidence that rent could have been collected from this tenant either while here or in the state where he now is. Plaintiff passed on his responsibility when she made the lease with him. If responsible, she may still collect the rent. The court was right in holding that no damage had been proven against defendants for the loss of rents from Lorenz. It seems defendants rented apartment 8 to one Burkholder, but failed to obtain a written lease. Burkholder moved before September following and the apartment stood vacant. The court instructed the jury to disregard the loss alleged from this item. Burkholder moved when plaintiff had retaken the management of the building. There is not proof that she could not have found another tenant. And, as the court correctly stated, Burkholder's tenancy had never been terminated, and

plaintiff had as good a claim against him for rent as if there had been a written lease. On September 28, 1917, defendant wrote plaintiff that they had let apartment 5 to one Mr. Humphrey to September 1, 1918, with an option that in case the tenant's business was transferred to another city the lease could be canceled by 30 days' notice. A thirty days' notice was given and the Humphreys moved out in the summer of 1918. There is no evidence that plaintiff disapproved the renting upon the terms stated in the letter. True, Mrs. Humphrey testified that there were no such conditions in the agreement, that her husband did not sign any lease, and that the term was from month to month. The court submitted this item of loss to the jury, stating that liability could not be found "unless you believe the agent was grossly negligent in thus deciding" that it was for the best interest of plaintiff to have thus let the apartment to Mr. Humphrey. The court's instruction was incorrect. An agent may be held liable for loss to his principal for failure to follow directions or for ordinary negligence in the service. It is not required that gross negligence be shown. But plaintiff is not entitled to a new trial for this error in the charge, for there is an entire lack of proof of damages. The record does not show that apartment 5 remained without a tenant a single day after Mr. Humphrey moved out, or that plaintiff lost one penny by reason thereof.

There was an attempt to prove either that defendants bought and paid for coal for the building which was never brought there, or that more coal than was necessary was used in heating the building. The proof failed on both propositions and the court refused to submit this item of alleged damage to the jury. The complaint on that score is that the evidence to prove this loss was ruled out. Plaintiff undertook to testify as to the average amount of coal used the years she managed the building, but was not allowed to do so. She was away from the state most of the time, the year in question, and knew nothing of the weather conditions here. Apparently the one who maintained the fires in the building was a janitor she had hired and directed defendants to retain. There was no offer to show that he fired improperly or that the building was over-heated.

It does appear that some of the coal delivered by the firm from whom defendants were directed to obtain the supply was poor. There was no offer even to show what the testimony called for would be or that it would become material. We think no error was committed in excluding plaintiff's answers to the questions referred to.

It appeared that during the time within which plaintiff was entitled to purchase coal from the firm referred to at $5.40, including carrying charges, defendants ordered 9½ tons of another dealer paying $1.70 more per ton therefor. Their excuse was that the first load procured by them from the designated firm was so poor that it could not be used so they bought the 9½ tons mentioned. Whether there was to be a recovery for this deviation from instructions was properly submitted to the jury. No damages on account thereof were allowed, and we find no error in either the instructions or rulings to disturb the verdict on this item.

Another claim that plaintiff made was that two porches were to be closed in by windows, and that these were to be obtained from Olsen & Serley who had given her an estimate of $17.60 for the same, but that defendants had obtained them at another place at the cost of $48. This was also submitted to the jury and disallowed. The testimony permitted such finding. The estimate was made in 1915. The work was done in 1917, and included setting the windows in place. Mr. Serley, called by plaintiff, testified he could not say whether the estimate was for screens or for windows. The jury knew how materials and labor increased from 1915 to 1917. There was evidence that $48 was reasonable when the work was done. Mr. Serley was not asked whether it could then be done for $17.60 or for less than $48 or whether his firm would then have done the work for $17.60.

Three requested instructions were not given and error is assigned. We may concede their accuracy as abstract statements of law, but they were not appropriate to the issues litigated and submitted.

All other complaints of the trial and of the refusal to grant a new trial because of newly discovered evidence have been examined, but none, in our judgment, merits further discussion. We find no sufficient ground for granting a new trial herein.

Order affirmed.