B. F. YEATES AND ANOTHER v. MARGARET A. YOUNG.[1]

November 10, 1922.

No. 23,096.

Entry of judgment upon findings proper.

Correct procedure to enter judgment on findings left intact on former appeal. [Reporter.]

After the former appeal reported in 150 Minn. 274, 185 N. W. 257, plaintiff's motion for judgment for $109.97, any claim for damages on account of future profits being waived by them, was granted by Baldwin, J., and defendant's motion "to set aside all the proceedings in the above entitled cause" was denied. From an order denying her motion to vacate the judgment on the ground that it was obtained by fraud, defendant appealed. Affirmed.

Margaret A. Young, pro se.

Thompson, Hessian & Fletcher, for respondents.

PER CURIAM.

Plaintiffs had a contract with defendant to manage her apartment building for a year, beginning November 1, 1917, their commission to be 5 per cent of the rent collected. After two months defendant dispensed with their services and took the property out of their hands. They sued for breach of the contract and also for disbursements made for her during the two months. Findings were made awarding $132 for breach of the contract and $178.37 for disbursements. From the judgment entered thereon defendant appealed. The judgment was reversed and the cause remanded "with direction to the court below to grant defendant a new trial solely on the issue of the amount of damages recoverable on account of the wrongful termination of the contract." Yeates v. Young, 150 Minn. 274, 185 N. W. 257. When the remittitur went down plaintiffs filed a waiver of damages for the breach of contract and moved for entry of judgment for the disbursements, less $72 rent collected after the termination of their contract. Judgment was entered accordingly and defendant again appeals.

It is clear that our former decision left intact all the findings of fact except the one of assessment of damages for the breach of the contract. When such damages were waived, there was no issue for further trial and the mere routine work remained of entering judgment upon the findings as originally made barring the $132 of damages for breach of the contract. This was done. It is too clear for argument that the judgment is right.

Judgment affirmed.

[1]Reported in 190 N. W. 791.